STATE OF NORTH CAROLINA v. WALTER HERMAN BONDS

No. 7916SC563

(Filed 5 February 1980)

1. **Criminal Law § 139— sentence to minimum and maximum terms—statements relating to parole as surplusage**

Where the trial court sentenced defendant to a minimum term of 20 years and a maximum term of 30 years, additional language in the judgment stating the intent of the trial judge with respect to parole of defendant was mere surplusage and not binding on the court, the Department of Correction, or the Parole Commission.

2. **Criminal Law § 144— motion for appropriate relief—no authority to resentence for discretionary reasons after session ended**

A trial court upon a motion for appropriate relief does not have the authority to resentence a criminal defendant for discretionary reasons after expiration of the session of court in which he was originally sentenced where no error of law appears upon the face of the original judgment.

HEARD in the Court of Appeals on 11 January 1980, on rehearing allowed upon petition of Walter Herman Bonds.

This matter was originally heard in this Court on 25 October 1979. Defendant's petition to rehear was granted on 5 December 1979, with leave to counsel to file additional briefs.

*Attorney General Edmisten, by Assistant Attorney General Jane Rankin Thompson, for the State.*

*Mason, Williamson, Etheridge and Moser, by James W. Mason, Terry R. Garner and John Wishart Campbell, for defendant appellant.*

MARTIN (Harry C.), Judge.

Except as hereinafter set out, we affirm our opinion previously filed in this matter reported at 43 N.C. App. 467, 259 S.E. 2d 377 (1979).

Defendant contends that he was present with his counsel in the courthouse in Lumberton, Robeson County, 9 December 1978 when Judge Bruce entered the second judgment against him. For this reason defendant contends that when this Court held the 9 December 1978 judgment a nullity, we did so under a mistake of fact. The record on appeal before this Court on 25 October 1979 did not indicate in any way that defendant was present before Judge Bruce on 9 December 1978. Defendant's counsel during oral argument stated that defendant was not present at that time. However, defendant has filed affidavits definitely stating that he was present and that counsel simply had a memory lapse at oral argument. No affidavits have been filed to the contrary. We allow the affidavits to be filed as a part of the record on appeal of this case and find therefrom that defendant was present before Judge Bruce when the second judgment was entered 9 December 1978.

With this finding, we are now required to address the question whether Judge Bruce upon a motion for appropriate relief could change defendant's criminal sentence for discretionary reasons, when no error of law appears in the judgment and when the session of court in which the sentence was entered has expired. We had passed this "interesting question" in our original opinion in this case.

Clearly, Judge Bruce was empowered to hear and determine the motion for appropriate relief even though the session of court had expired and he was no longer assigned to hold court in that judicial district. N.C. Gen. Stat. 15A-1413(b). That is not the question to be resolved. Rather, the question is did the trial judge have the authority in granting a motion for appropriate relief to vacate defendant's prison sentence and enter another judgment against defendant.

Relief may be granted by the court for errors of law committed during the trial. N.C. Gen. Stat. 15A-1414(a). Specifically, N.C.G.S. 15A-1415(b)(8) allows relief to be granted when a prison sentence was "unauthorized at the time imposed, exceeded the

maximum authorized by law, was illegally imposed, or is otherwise invalid as a matter of law." If resentencing is required, the trial division may enter an appropriate sentence. N.C. Gen. Stat. 15A-1417(c).

Counsel argue that Judge Bruce had the authority to resentence defendant because the original judgment was erroneous and invalid, being vague, uncertain and ambiguous on its face. In general, a trial court loses jurisdiction to modify a judgment after the adjournment of the session. *State v. Duncan*, 222 N.C. 11, 21 S.E. 2d 822 (1942). Until the expiration of the session, the judgments of the court are *in fieri* and the judge has power, in his discretion, to vacate or modify them. After the expiration of the session, this discretionary authority ends. *State v. Godwin*, 210 N.C. 447, 187 S.E. 560 (1936). However, if a judgment is invalid as a matter of law, the courts of North Carolina have always had the authority to vacate such judgments pursuant to petition for writ of habeas corpus and, more recently, by way of post conviction proceedings. For example, if it appeared from the record that a defendant was sentenced to a prison term of fifteen years upon a conviction of felonious larceny, punishable by a maximum of ten years' imprisonment, the court had and has the authority to vacate such unlawful sentence either during or after the expiration of the trial session, and the defendant may then be resentenced according to law.

The problem with defendant's contention in this case is that we do not find the original sentence entered against defendant to be erroneous or invalid. It is not vague, uncertain or ambiguous. No evidence has been produced to show the judgment is voidable. *Shaver v. Shaver*, 248 N.C. 113, 102 S.E. 2d 791 (1958).

[1] Judge Bruce's original judgment against defendant was entered pursuant to N.C.G.S. 15A-1351(b) whereby "[a] sentence to imprisonment must impose maximum term and may impose a minimum term." Defendant was sentenced to imprisonment for a minimum term of twenty years and a maximum term of thirty years. Defendant's original judgment also contained the following:

> It is the intent of the Court that the defendant be considered for parole not earlier than at such time as he has served five years of his sentence, less whatever gain time or good time that the defendant is entitled to under the law of this State,

and that only after having served such five years of said sentence that the defendant be eligible for parole; and that after having served such five year portion of his sentence, that the parole of the defendant be in the discretion of the Board of Paroles.

This additional language purported to state the intent of the trial judge with respect to parole of defendant. Such statement in defendant's original judgment is mere surplusage, not binding upon the court or the Department of Correction or Parole Commission.

If the trial judge intends his recommendation with respect to parole to have the effect allowed by N.C.G.S. 15A-1371(c), he must sentence the defendant pursuant to N.C.G.S. 15A-1351(d). This section allows the sentencing judge to recommend to the Parole Commission a minimum period of imprisonment defendant must serve before being granted parole *in lieu of* imposing a minimum term. This is what the trial court attempted to do when the second judgment was entered 9 December 1978.

[2] We hold the original judgment of imprisonment against defendant was lawful, without any error upon its face, and therefore that Judge Bruce had no authority to vacate it, or amend it and resentence defendant after the expiration of the session in which the judgment was entered.

We hold a trial court does not have authority to resentence a criminal defendant for discretionary reasons after the expiration of the session of court in which he was originally sentenced where no error of law appears upon the face of the judgment.

We affirm our original opinion holding the second judgment of imprisonment entered against defendant 9 December 1978 invalid and void. The case is remanded to the Superior Court of Scotland County for a new trial in conformity with this opinion and the original opinion of this Court.

Judges HEDRICK and CLARK concur.