STATE OF NORTH CAROLINA v. RICHARD SURLES

STATE OF NORTH CAROLINA v. BENJAMIN ALVIN BARNES

STATE OF NORTH CAROLINA v. EDWIN LEE WILLIAMS, JR.

STATE OF NORTH CAROLINA v. JAMES SUTTON

No. 8110SC617

(Filed 15 December 1981)

1. **Criminal Law §§ 18, 149.1; Mandamus § 1— no appeal by State from not guilty verdict in district court—writ of mandamus**

Although the State had no right to appeal from a verdict of not guilty of a misdemeanor charge in the district court, the actions of the district court

judge in setting aside guilty verdicts and entering verdicts of not guilty some five months after the guilty verdicts were entered were reviewable by way of petition for writ of mandamus in the exercise of the appellate court's general authority to supervise and control the proceedings of the district court pursuant to G.S. 7A-32(c) and Appellate Rule 22.

**2. Criminal Law § 132— nonjury trial—power of court to set aside its verdict**

The district court had the authority on its own motion to set aside guilty verdicts it had previously rendered while sitting as a jury as being contrary to the weight of the evidence where the court had continued prayer for judgment and no judgment had been entered on the verdict. However, the better practice required the court to state its reason and basis for so doing. G.S. 15A-1420(d).

**3. Criminal Law § 133— effect of setting aside verdict in district court**

A district court judge does not have the authority to enter verdicts of not guilty after setting aside previous guilty verdicts it has entered sitting as a jury; rather, upon setting the verdicts aside, the cases must be remanded for new trials.

APPEAL by the State of North Carolina from *Godwin, Judge.* Order signed 6 March 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 18 November 1981.

The four defendants were charged in proper warrants with the misdemeanor of violating the lottery and gambling laws by participating in a pyramid or chain scheme called the "Circle of Gold Club."

On 13 August 1980, the cases were called for trial and were consolidated for that purpose. After the presentation of evidence and argument of counsel, the district court judge entered a verdict of guilty as to each defendant. The judge then continued prayer for judgment until 15 January 1981.

When the cases came on for judgment on 15 January 1981, the same district court judge set aside the guilty verdicts and entered a verdict of not guilty in each case. In due time the state gave notice of appeal to the Superior Court of Wake County.

Defendants moved that the appeal be dismissed, and after hearing in the superior court, the judge concluded that the state could not appeal from a verdict of not guilty in the district court and dismissed the appeal for lack of jurisdiction. From this order, the state appeals.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General Alan S. Hirsch, for the State, appellant.*

*Bass & Willoughby, by Gerald L. Bass, for defendant appellees.*

MARTIN (Harry C.), Judge.

This appeal presents three questions for review:

1. Can the state appeal from the actions taken by the district court?

2. Did the district court err in setting aside the verdicts of guilty?

3. Did the district court err in entering the verdicts of not guilty?

### STATE'S RIGHT TO APPELLATE REVIEW

[1] It is true that the state cannot appeal from the district court to the superior court upon a verdict of not guilty in a misdemeanor case. *State v. Harrell,* 279 N.C. 464, 183 S.E. 2d 638 (1971); N.C. Gen. Stat. § 15A-1432 (1978). Here, however, we are not concerned with a simple case of the court entering a verdict of not guilty and the state then attempting to appeal. In this case the court entered verdicts of guilty. The court then continued prayer for judgment until 15 January 1981, a period of some five months. At that time, the court set aside the guilty verdicts and entered verdicts of not guilty. These uncontroverted facts raise questions as to the lawfulness of the trial court's actions in setting aside the verdicts and in entering the verdicts of not guilty. If the not guilty verdicts were unlawful, they would be void as a matter of law.

Although the state cannot appeal from a verdict of not guilty, it may seek a writ of mandamus to compel a trial court to set aside action taken in excess of its authority. N.C.R. App. P. 22(a); N.C. Gen. Stat. § 7A-32(c) (1981); 8 Strong's N.C. Index 3d Mandamus § 1 (1977). "An action for a writ of mandamus lies only where the plaintiff shows a clear legal right to the action demanded and has no other adequate remedy." *Snow v. Board of Architecture,* 273 N.C. 559, 570, 160 S.E. 2d 719, 727 (1968); *State ex rel. Haas v. Schwabe,* 276 Or. 853, 556 P. 2d 1366 (1976). We treat

the appeal to this Court as a petition for writ of mandamus pursuant to N.C.G.S. 7A-32(c) and App. R. 22, and review the merits of the issues presented by the actions of the district court judge.

### DID THE DISTRICT COURT ERR IN SETTING ASIDE THE VERDICTS OF GUILTY?

[2] In the trial of misdemeanor cases the district court sits as the trier of the facts. No jury is employed. N.C. Gen. Stat. § 7A-196(b) (1981). The district court has exclusive original jurisdiction of all criminal offenses below the grade of felony. N.C. Gen. Stat. § 7A-272(a) (1981). The effect of a verdict of guilty by the district court in the trial of a misdemeanor is tantamount to a verdict of guilty returned by a jury. After a jury verdict has been rendered and received by the court and the jury discharged, the jurors will not be allowed to attack or overthrow their verdict. *State v. Cherry,* 298 N.C. 86, 257 S.E. 2d 551 (1979), *cert. denied,* 446 U.S. 941 (1980). Such a practice would be replete with dangerous consequences. *State v. Hollingsworth,* 263 N.C. 158, 139 S.E. 2d 235 (1964). *See* N.C. Gen. Stat. § 15A-1240 (1978).

The same reasoning applies to verdicts by the court without a jury. The trial judge's authority over its non-jury verdict is no greater than the authority of the trial judge over a jury verdict. *Commonwealth v. Meadows,* 471 Pa. 201, 369 A. 2d 1266 (1977). To allow a trial judge to change a verdict is even more fraught with dangerous consequences than allowing a jury to change its verdict. This is especially true after the session of court has expired and a period of several months has passed.

Although the defendants did not move pursuant to N.C.G.S. 15A-1414(b)(2) to set the verdicts aside as being contrary to the weight of the evidence, the court had authority to do so on its own motion. N.C. Gen. Stat. § 15A-1420(d) (1978). Such motion must be made after verdict and within ten days of entry of judgment. Here, no judgment had been entered and the court had authority to set the verdicts aside. The court did not specify the basis upon which it set the verdicts aside. Better practice requires that the court set out the grounds upon which the order is based;[1] however, such an order is entered in the discretion of the

---

1. This is necessary so that the appellate court can know that the district court was acting in its capacity as judge and not simply the court as fact finder changing

court, and absent a manifest abuse of discretion, it will not be disturbed upon appeal. *State v. Boykin,* 298 N.C. 687, 259 S.E. 2d 883 (1979), *cert. denied,* 446 U.S. 911 (1980); *State v. Watkins,* 45 N.C. App. 661, 263 S.E. 2d 846 (1980).

We hold that the district court had authority to set the verdicts aside and that it did not commit error in so doing.

### DID THE DISTRICT COURT ERR IN ENTERING THE VERDICTS OF NOT GUILTY?

[3] This question appears to be of first impression in North Carolina. Accordingly, we find cases from other jurisdictions instructive. In *Commonwealth v. Brown,* 192 Pa. Super. Ct. 498, 162 A. 2d 13 (1960), the Pennsylvania court, sitting without a jury, found defendant guilty of larceny by bailee. Sentencing was deferred by the court pending the hearing of motions by defendant. Over a month later, the court vacated the verdict of guilty and entered a verdict of not guilty. The commonwealth appealed this action, and the court held that the trial judge had no authority to "change his mind over a month later and enter a finding of not guilty." *Id.* at 501, 162 A. 2d at 14. No error was found in vacating the prior verdict of guilty, and the appellate court ordered a new trial. The court noted that a verdict rendered by the trial court sitting without a jury was a general verdict, and after recording such a verdict, the authority of the trial judge over it is the same as in the case of a verdict by a jury. *See also Commonwealth v. Meadows, supra.*

In *State v. Deets,* 195 N.W. 2d 118 (Iowa 1972), the Supreme Court of Iowa was faced with a similar question. In *Deets* there was a jury verdict of guilty. Defendant moved for arrest of judgment or a new trial. Although the trial court denied this motion, it entered a judgment of acquittal. The supreme court held that the trial court was without authority to enter the judgment of acquittal and that it was void. The court remanded the case for entry of judgment on the guilty verdict returned by the jury.

The Supreme Court of Oregon considered an analogous question in *State ex rel. Haas v. Schwabe, supra.* After a jury verdict

---

its mind as to the verdict returned. As fact finder the court has no authority to change its verdict after it has been announced in open court and recorded by the court.

of guilty, the court entered an order setting aside the verdict and entered a judgment of acquittal. Under the law of Oregon, the state did not have a right of appeal from a judgment of acquittal, but the trial court's action could be reviewed upon petition for writ of mandamus to compel the trial court to set aside its unlawful action. The supreme court held that the trial court had no authority to enter the post-verdict judgment of acquittal, and that the same was void. The Oregon court relied upon *Deets*, *supra.*

We hold that the district court did not have power or authority to enter the verdicts of not guilty after it had set aside the original verdicts of guilty. The entry of the verdicts of not guilty was totally void. We find support for our holding in *State v. Bonds*, 45 N.C. App. 62, 262 S.E. 2d 340, *disc. rev. denied*, 300 N.C. 376, *cert. denied*, 66 L.Ed. 2d 107 (1980), as well as the above authorities. In *Bonds*, this Court held that where no error of law appears upon the face of the judgment, the trial court does not have authority to resentence a defendant for discretionary reasons after the expiration of the session of court in which he was originally sentenced. In *Bonds*, the trial judge, after the expiration of the session, had set aside the original judgment and proceeded to resentence defendant. This Court held that the original sentence was lawful and without error on its face and that the trial judge had no authority to vacate the judgment and resentence defendant after the expiration of the session in which the judgment was entered.

In summary, we hold:

1. Although the state does not have a right of appeal from a verdict of not guilty of a misdemeanor charge in district court, under the facts of this case the actions of the district court judge are reviewable by way of petition for writ of mandamus in the exercise of this Court's general authority to supervise and control the proceedings of the district court.

2. Under the facts of this case, the district court had the authority to set aside the guilty verdicts it had previously rendered while sitting as a jury; but better practice requires the court to state its reasons and basis for so doing.

In re Lucas v. Jarrett

3. A district court judge does not have authority to enter verdicts of not guilty after setting aside previous guilty verdicts it has entered sitting as a jury; upon setting the verdicts aside, the cases must be remanded for new trials.

As these cases are being remanded for new trials, we note that it would be improper for Judge Bullock to preside at the new trials because he has twice expressed an opinion as to the guilt or innocence of the defendants. The not guilty verdicts entered on 15 January 1981 are vacated, and the cases are remanded to the District Court of Wake County for trial.

Vacated and remanded.

Judges ARNOLD and WELLS concur.