STATE OF NORTH CAROLINA v. EDNA PEARL CAMERON

No. 8114SC622

(Filed 15 December 1981)

**Criminal Law § 144— motion for appropriate relief—modification of sentence—trial court without jurisdiction**

The trial judge was correct in holding that he was without authority to suspend defendant's sentence upon her motion for appropriate relief in the next session of court as, in the absence of an error in the sentencing procedure, the authority of the trial judge to modify defendant's sentence ended at the conclusion of the session of court in which her sentence was imposed.

APPEAL by defendant from *Herring, Judge.* Judgment entered 13 March 1981 in Superior Court, DURHAM County. Heard in the Court of Appeals 18 November 1981.

Defendant was charged in a bill of indictment with welfare fraud and food stamp fraud. She pled guilty to these charges. Judgment was entered on 23 February 1981 and defendant was sentenced to two years in prison. On 24 February 1981, defendant filed a motion for appropriate relief, requesting modification of her sentence to permit her to be placed on probation. The court denied defendant's motion on 13 March 1981 on grounds that it was without jurisdiction to change a sentence entered in a prior session of court. Defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General Jo Anne Sanford, for the State.*

*Shirley D. Dean for defendant appellant.*

ARNOLD, Judge.

Defendant's sole argument is that since the general statutes do not provide a procedure by which she may request suspension of her sentence by the sentencing judge a motion for appropriate relief should be construed as available for this purpose. This Court addressed a similar issue last year in the case of *State v. Bonds,* 45 N.C. App. 62, 262 S.E. 2d 340, *pet. denied* 300 N.C. 376, 267 S.E. 2d 687 (1980), in which a trial judge's discretionary modification of the length of the defendant's sentence was challenged. Judge Martin (Harry C.), writing for the Court in *Bonds,* stated very clearly that "a trial court does not have authority to resentence a criminal defendant for discretionary reasons after the expiration of the session of court in which he was originally sentenced where no error of law appears on the face of the judgment." *Id.* at 65, 262 S.E. 2d 343.

In the case *sub judice,* no error in the sentencing procedure is asserted by defendant and none has been found by this Court. In the absence of such error, we hold that the authority of the trial judge to modify defendant's sentence ended at the conclusion of the session of court in which her sentence was imposed. Thus, the trial judge was correct in holding that he was without authority to suspend defendant's sentence upon her motion for ap-

propriate relief in the next session of court. Indeed, unlike federal law and the laws of some other jurisdictions, we find that North Carolina law provides no vehicle for discretionary modification of a lawful sentence unless the modification is made before the close of the session of court in which sentence was passed.

Affirmed.

Judges MARTIN (Harry C.) and WELLS concur.