IN THE MATTER OF JUDGE PHILIP O. REDWINE, DISTRICT COURT JUDGE TENTH JUDICIAL DISTRICT

No. 137PA84

(Filed 4 December 1984)

**Mandamus § 3.1; Prohibition, Writ of § 1— writ to district court judge—no jurisdiction in superior court**

A judge of the superior court has no authority or jurisdiction to issue a writ of mandamus or prohibition to a district court judge since those remedies are reserved to the Supreme Court by Art. IV, § 12(1) of the N. C. Constitution.

ON discretionary review, prior to determination by the Court of Appeals, of the writ of mandamus entered by *Lee, J.,* on 1 March 1984 in Superior Court, WAKE County. Heard in the Supreme Court 9 October 1984.

Eugene Perry Watkins, Jr. was arrested in Wake County at 1:35 a.m. on 22 November 1983 for driving while impaired, in violation of N.C.G.S. 20-138.1. Mr. Watkins was subsequently formally charged with driving while impaired, and as part of his routine processing, Mr. Watkins was asked to submit to a breath test on an intoxilizer machine at the Wake County Courthouse. The test was administered by Harold Belk, a chemical analyst, at approximately 2:08 a.m. on 22 November 1983. Pursuant to N.C.G.S. 20-139.1(e1), Mr. Belk completed an affidavit which showed, inter alia, that the test showed an alcohol concentration of 0.23.

On 5 January 1984 Mr. Watkins appeared before the Honorable Philip O. Redwine, presiding in the District Court of Wake County, on the charge of driving while impaired. Through counsel Mr. Watkins filed a motion in limine to prevent the state from using the affidavit completed on 22 November 1983 by Harold Belk as evidence at trial. On 6 January 1984 Judge Redwine filed an order stating, inter alia:

And, the Court having heard the arguments of counsel for the defendant and for the State and having reviewed the sources and authorities cited;

And, it further appearing to the Court that if the State were allowed to prove the alcohol concentration of the defendant pursuant to the provisions of G.S. 20-139.1(e1) that

the defendant's constitutional rights would be violated, particularly including his right to due process and to a fair trial as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, his right to be confronted with the witnesses against him and to have effective assistance of counsel for his defense as guaranteed by the Sixth Amendment to the United States Constitution, his right to the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, his right not to be deprived of his liberty but by the law of the land as guaranteed by Section 19 of Article I of the North Carolina Constitution, and his right of confrontation as guaranteed by Section 23 of Article I of the North Carolina Constitution;

And, it therefore appearing to the Court that the defendant's MOTION IN LIMINE should be allowed with respect to the provisions of G.S. 20-139.1(e1);

NOW, THEREFORE, IT IS HEREBY ORDERED that the defendant's MOTION IN LIMINE is granted insofar as it prohibits the State from attempting to prove his alcohol concentration pursuant to the provisions of G.S. 20-139.1(e1) in that such provisions are unconstitutional under the authorities cited heretofore. This Order in no way precludes the State from trial of this case using proper evidence as to the defendant's alcohol concentration.

On 13 January 1984 the state petitioned the Superior Court of Wake County for a writ of mandamus or, in the alternative, a writ of prohibition to require Judge Redwine to admit Mr. Belk's affidavit into evidence during Mr. Watkins's trial. On 1 March 1984 the superior court issued a writ of mandamus in which it concluded as a matter of law that N.C.G.S. 20-139.1(e1) is constitutional under the provisions of the fifth, sixth, and fourteenth amendments to the United States Constitution and article I, sections 19 and 23 of the Constitution of North Carolina. The court then ordered Judge Redwine to admit Mr. Belk's affidavit into evidence. From this writ, Judge Redwine appeals.

*Rufus L. Edmisten, Attorney General, by Isaac T. Avery III, Special Deputy Attorney General, for the state.*

*Van Camp, Gill & Crumpler, P.A., by William B. Crumpler, for the respondent.*

MARTIN, Justice.

Appellant Redwine argues that N.C.G.S. 20-139.1(e1) is unconstitutional and therefore the superior court erred by issuing a writ of mandamus compelling him to admit the chemical analyst's affidavit into evidence. We need not reach this issue, however, since we hold, for another reason, that the superior court erred in issuing the writ of mandamus in the present case. As the constitutional issue sought to be reviewed in this appeal is presently before this Court in another case, we find it unnecessary to treat the appeal in this case as a petition for writ of mandamus. *See State v. Surles; State v. Barnes; State v. Williams and State v. Sutton,* 55 N.C. App. 179, 284 S.E. 2d 738 (1981).

The superior court judge misconstrued his authority to issue the writ of mandamus to a judge of the General Court of Justice. A judge of the superior court has no authority or jurisdiction to issue a writ of mandamus or prohibition to a district court judge. Those remedies are reserved by the Constitution of North Carolina, article IV, section 12(1), to the Supreme Court.

As the superior court judge had no authority to issue the writ of mandamus to the judge of the district court, the writ was void. This opinion does not affect the authority or jurisdiction of judges of the superior court to issue writs of mandamus and prohibition to parties other than justices and judges of the General Court of Justice.

The writ of mandamus is vacated and the cause is remanded to the Superior Court, Wake County, for further proceedings.

Vacated and remanded.