STATE OF NORTH CAROLINA v. ALTON EARL MORGAN

No. 9118SC830

(Filed 19 January 1993)

1. **Criminal Law § 991 (NCI4th)— setting aside guilty verdict— entry of not guilty verdict improper**

   Though the district court could properly set aside a guilty verdict, it could not thereafter enter a verdict of not guilty; rather, the case must be remanded for a new trial.

   **Am Jur 2d, Appeal and Error § 963.**

2. **Criminal Law § 1680 (NCI4th)— sentence unsupported by evidence—authority of judge to vacate and resentence**

   Upon a determination that defendant's original sentence was not supported by the evidence, the sentencing district court judge clearly had the authority, two days after sentence was imposed, to vacate the sentence pursuant to N.C.G.S. § 15A-1414(b)(4) and to resentence defendant pursuant to N.C.G.S. § 15A-1417(c).

   **Am Jur 2d, Criminal Law § 580.**

STATE v. MORGAN

[108 N.C. App. 673 (1993)]

Appeal by the State from Orders entered 16 November 1990 and 7 March 1991 by Judge Joseph E. Turner in Guilford County District Court. Heard in the Court of Appeals 16 October 1992.

*Lacy H. Thornburg, Attorney General, by Isaac T. Avery, III, Special Deputy Attorney General, for the State.*

*Mark B. Campbell for defendant-appellee.*

WYNN, Judge.

The defendant Alton Earl Morgan was arrested for Driving While Impaired ("DWI") on 12 May 1990 at 11:30 p.m. He was taken before a magistrate where he signed a written promise to appear and surrendered his license as conditions of his pretrial release. Upon being released Mr. Morgan drove his truck and was charged, on 13 May 1990 at 1 a.m., with a second DWI and also with Driving While License Revoked ("DWLR").

The defendant pleaded not guilty to all three charges, but on 14 November 1990 was convicted of all three in district court. He received a Level Five punishment with respect to the first DWI, a Level Two punishment for the second DWI, and was sentenced to thirty days in jail for the DWLR, which sentence was suspended for three years conditioned on his paying a two-hundred dollar fine and not operating a motor vehicle without a valid driver's license. He immediately appealed these convictions to the Superior Court.

On 16 November 1990, the district court judge signed an Order which 1) set aside the verdict and judgment entered in the second DWI charge and entered a not guilty verdict for that charge, and 2) set aside the judgment in the DWLR charge and resentenced the defendant by entering a Prayer for Judgment Continued on that charge. On 4 December 1990, the State filed a motion to set aside the Order Setting Aside the Verdict and Judgments. This motion alleged that the district court did not have jurisdiction to hear the original motion because the defendant had filed a notice of appeal and also alleged that the State was not given proper notice nor an opportunity to be heard prior to the district court decision. In response to this motion, the district court judge held a hearing and, on 7 March 1991, denied the State's motion and entered an Order identical to the one entered on 16 November 1990.

On 10 May 1991 this Court entered an Order denying the State's petition for writ of mandamus and allowing the petition for writ of certiorari to the orders entered by the district court judge on 16 November 1990 and 7 March 1991.

---

I.

[1] The State first assigns error to the district court judge's entering a not guilty verdict after he had set aside the original verdict of guilty with respect to the second DWI charge. In support of this contention, the State argues that the district court judge did not have the authority to take such action. We find that, while a trial court may set aside properly a guilty verdict, it is improper under the facts of this case for the trial court to thereafter enter a verdict of not guilty.

A trial judge may set aside a guilty verdict that is contrary to the weight of the evidence pursuant to a motion by the defendant, N.C. Gen. Stat. § 15A-1414(a) (1988), or upon its own motion whenever the defendant is entitled to relief. *Id.* § 15A-1420(d). The record offers conflicting explanations regarding how the motion in the instant case came about, but regardless of whether the defendant moved for appropriate relief or the district court judge granted such relief on his own motion, the action taken was proper. A motion to set aside a verdict on the grounds that it is contrary to the weight of the evidence is within the discretion of the trial court. *State v. Pratt*, 306 N.C. 673, 681, 295 S.E.2d 462, 468 (1982). This Court, therefore, may review such a decision only if the trial court has abused that discretion. *Id.* We find no such abuse of discretion in the instant case.

Although the district court judge acted properly in vacating the judgment, this Court has specifically held that "[a] district court judge does not have authority to enter verdicts of not guilty after setting aside previous guilty verdicts it has entered sitting as a jury; upon setting the verdicts aside, the cases must be remanded for new trials." *State v. Surles*, 55 N.C. App. 179, 185, 284 S.E.2d 738, 741 (1981), *disc. rev. denied*, 305 N.C. 307, 290 S.E.2d 707 (1982). We find no significant distinguishing factors between *Surles* and the present case, and, therefore, hold that the trial court in the case at bar was without authority to enter a not guilty verdict. This case, therefore, must be remanded for a new trial on the second DWI charge.

## II.

[2]  The State's second and final assignment of error asserts that the trial court did not have the authority to change the sentence imposed for the DWLR charge. In support of this contention, the State argues that the trial court did not have the authority to resentence the defendant absent some showing that the original sentence was illegal or unconstitutional. We disagree and, for the reasons that follow, conclude that the trial judge had the authority to vacate the original sentence and resentence the defendant upon the motion for appropriate relief.

Early case law from our Supreme Court indicates that trial judges, at one time, had the discretionary power to modify or vacate a judgment only prior to the adjournment of the session in which it was entered. Once that session ended, so, too, did the trial judges' discretionary power. *See State v. Bonds*, 45 N.C. App. 62, 64, 262 S.E.2d 340, 342, *disc. rev. denied, appeal dismissed*, 300 N.C. 376, 267 S.E.2d 687, *cert. denied*, 449 U.S. 883, 66 L.Ed.2d 107 (1980) (citing *State v. Duncan*, 222 N.C. 11, 21 S.E.2d 822 (1942); *State v. Godwin*, 210 N.C. 447, 187 S.E. 560 (1936)). A trial court judge could vacate a judgment subsequent to the end of the session only pursuant to a writ of habeas corpus and, later in the legislature's history, pursuant to a motion for appropriate relief. *See id.*

The issue in the instant case concerns the application of the trial court's discretionary powers in disposing of a motion for appropriate relief regarding sentencing. In *State v. Arnette*, 85 N.C. App. 492, 355 S.E.2d 498 (1987), this Court clearly stated that "[a]s a post trial motion, the disposition of a motion for appropriate relief is subject to the sentencing judge's discretion and will not be overturned absent a showing of abuse of discretion." *Id.* at 498, 355 S.E.2d at 502. The State, however, cites *Bonds* and *State v. Cameron*, 55 N.C. App. 263, 284 S.E.2d 724 (1981) for the proposition that the trial court has no discretionary authority, absent an error of law, to modify a sentence after the close of the session of court in which the sentence was entered.

North Carolina General Statute section 15A-1414 concerns motions for appropriate relief made within ten days after the entry of judgment. Subdivision (b)(1) of that section, providing that motions for appropriate relief may be brought for "[a]ny error of law," N.C. Gen. Stat. § 15A-1414(b)(1), was enacted so that the motion for appropriate relief statute could be used to correct errors

of law. Official Commentary to N.C. Gen. Stat. § 15A-1414. Subdivisions (b)(2) and (b)(3), providing for appropriate relief where the *verdict* is contrary to the weight of the evidence and for any other cause of the defendant's not receiving a fair and impartial trial, preserve the trial court's discretionary authority. *Id.* There is nothing to indicate that the discretion reserved in subsections (b)(2) and (b)(3) is excluded from (b)(4), which was added to section 15A-1414 after the other subsections. That subsection (b)(4) is subject to the discretionary authority of the trial court is further evident when one considers that 1) a motion pursuant to this section has to be made within ten days of judgment, thus ensuring that the information regarding the verdict and the sentence is easily recalled, 2) said motion must be made before the sentencing judge, indicating that an entirely new sentence based on another judge's evaluation of the evidence is prohibited, and 3) the evidence at trial must be examined to determine if it supports the sentence, thus granting this Court no right to re-evaluate the evidence and come to a different conclusion, but rather requiring only a determination as to whether the trial judge's decision is supported by the evidence.

Both *Bonds* and *Cameron*, relied upon by the State, dealt with motions for appropriate relief pursuant to section 15A-1415(b)(8). Section 15A-1415 provides grounds upon which motions for appropriate relief may be made more than ten days after judgment has been entered. Subsection 15A-1415(b)(8) allows such a motion when "[t]he sentence imposed was unauthorized at the time imposed, exceeded the maximum authorized by law, was illegally imposed, *or is otherwise invalid as a matter of law.*" (Emphasis added). While the *Arnette* Court clearly stated that a motion for appropriate relief is discretionary, *Bonds* and *Cameron* both indicate that the trial judge could only exercise that discretion if an error of law existed in the sentencing. The parties in the present case agree that no such error of law exists in the original sentence imposed by the trial judge. However, section 15A-1414(b)(4) provides that a motion for appropriate relief can be brought where the sentence was not supported by the evidence, thus providing another means, besides an error of law, pursuant to which a motion for appropriate relief regarding sentencing may be brought. That section became effective on 1 July 1981 and applies only to those offenses committed on or after that date. 1979 N.C. Sess. Laws ch. 760, § 6, *amended by* 1979 N.C. Sess. Laws, 2d Sess., ch. 1316,

§ 47, 1981 N.C. Sess. Laws ch. 63, § 1(c), 1981 Sess. Laws ch. 179, § 14. In both *Bonds* and *Cameron*, the offenses at issue occurred before 1 July 1981. Thus, while the State is correct under section 15A-1415(b)(8) in its assertion that a motion for appropriate relief pursuant to section 15A-1415(b)(8) can only be granted if an error of law exists in the sentence, it fails to recognize the later legislative development of section 15A-1414(b)(4). That later section allows the trial court to exercise its discretion in ruling on a motion for appropriate relief where there is no error of law, but where the sentence is contrary to the weight of the evidence.

We acknowledge that a trial may end with some uncertainty regarding the sentence if the trial judge has the authority to bring a motion for appropriate relief *sua sponte*, set aside the sentence pursuant to section 15A-1414(b)(4), and then resentence the defendant pursuant to section 15A-1417(c) ("If resentencing is required, the trial division may enter an appropriate sentence.") The statute, however, clearly does not authorize the trial court to arbitrarily change the sentence, rather the original sentence must be unsupported by the evidence. If the trial judge abuses his discretion, his disposition of the motion can be reviewed by this Court. No such abuse of discretion has occurred in the case at bar. Upon a determination that the original sentence was not supported by the evidence, the district court judge clearly had the authority to vacate the sentence pursuant to section 15A-1414(b)(4) and to resentence the defendant pursuant to section 15A-1417(c).

For the foregoing reasons the decision of the district court is,

Reversed as to the entry of the Not Guilty verdict and Remanded for a new trial on the second DWI charge, and

Affirmed as to the entry of the Prayer for Judgment Continued on the charge of DWLR.

Judges GREENE and LEWIS concur.