STATE OF NORTH CAROLINA v. JEROME BRANCH, Defendant

No. COA98-1000

(Filed 17 August 1999)

### 1. Sentencing— Fair Sentencing Act—Structured Sentencing Act—combined sentences not permitted

The trial court did not err in a breaking and entering and larceny case by resentencing defendant based on the theory that offenses committed prior to 1 October 1994 could not be com-

bined with offenses committed after that date, because defendant's offenses committed on 19 September 1994 were controlled by the Fair Sentencing Act and his offenses committed on 4 October 1994 were subject to the Structured Sentencing Act.

## 2. Sentencing— plea bargain—consolidated offenses not required

The trial court did not violate defendant's plea bargain in a breaking and entering and larceny case by failing to consolidate the two offenses under Structured Sentencing even though the offenses occurred under different sentencing schemes because the guilty plea was made before the discrepancy in sentencing schemes was brought to the trial court's attention, and the State kept its end of the bargain by dismissing two other breaking and entering charges.

## 3. Sentencing— resentencing hearing—trial court as a matter of law can vacate an invalid sentence

The trial court did not unlawfully hold a resentencing hearing in a breaking and entering and larceny case since the Department of Correction's letter alerting the trial court of its erroneous sentence was not a motion for appropriate relief, and the trial court as a matter of law has authority to vacate the invalid sentence and resentence defendant accordingly even if the term of court has expired.

## 4. Appeal and Error— preservation of issues—constitutional questions—not raised in trial court or in a motion

Defendant in a breaking and entering and larceny case did not properly raise the issues of the violation of double jeopardy and his due process rights because constitutional questions not raised to the trial court or in a motion will not be considered on appeal.

Appeal by defendant from order entered 27 January 1998 by Judge Robert H. Hobgood in Franklin County Superior Court. Certiorari granted 24 March 1998. Heard in the Court of Appeals 28 April 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General Teresa L. Harris, for the State.*

*N.C. Prisoner Legal Services, Inc., by Kathryn L. VandenBerg, for defendant-appellee.*

LEWIS, Judge.

Defendant pled guilty on 30 January 1995 to two counts each of breaking and entering and of larceny. The first offense was committed 19 September 1994; the second committed 4 October 1994. Both offenses were combined and on 30 January 1995 defendant was sentenced to twelve to fifteen months in jail under the guidelines of the Structured Sentencing Act of 1994. The Department of Correction contacted the Clerk of Superior Court in Franklin County and informed the court that offenses committed prior to 1 October 1994 could not be combined with offenses committed after that date. Accordingly defendant was resentenced in May 1995. Before resentencing, defendant acknowledged, both verbally and in writing, that he could receive a maximum punishment of ten years plus ten years for the September charges and a maximum of 60 months for the October charges. At the resentencing hearing defendant received twelve to fifteen months for the offenses committed 4 October 1994 under the Structured Sentencing Act. Under the Fair Sentencing Act defendant received ten years for the offenses committed 19 September 1994. Defendant filed a motion for appropriate relief 23 January 1998, and that motion was denied and dismissed on 27 January 1998.

Defendant argues that the May 1995 resentencing was illegal for four reasons: (1) there was no prohibition on consolidating offenses committed before and after the implementation of the Structured Sentencing Act of 1994; (2) the new sentence violated defendant's earlier plea bargain; (3) the resentencing hearing was unlawful; and (4) the increased sentence was illegal. We disagree with all of defendant's arguments on appeal and affirm the resentencing.

[1] First, defendant contends that there was no outright ban against consolidating offenses committed before the implementation of the Structured Sentencing Act, N.C. Gen. Stat. § 15A-1340.10 *et seq.* (1997), with offenses committed after the act was implemented. The implementation of the Structured Sentencing Act is analogous to the implementation of the Fair Sentencing Act of 1981, N.C. Gen. Stat. § 15A-1340.1 (1988) (repealed 1993). Sentences for offenses committed before the effective date of the Fair Sentencing Act were in accord with the law as it existed before that date. *See State v. Burton,* 114 N.C. App. 610, 615, 442 S.E.2d 384, 387 (1994); *State v. Jones,* 66 N.C. App. 274, 279, 311 S.E.2d 351, 354 (1984). Similarly, offenses that were committed prior to 1 October 1994, the effective date of the

Structured Sentencing Act, fall under the sentencing guidelines of the Fair Sentencing Act as a matter of law. *See Burton*, 114 N.C. App. at 610, 442 S.E.2d at 387. Therefore, the conviction for breaking and entering and larceny committed 19 September 1994 was controlled by the Fair Sentencing Act, and the breaking and entering and larceny committed 4 October 1994 was subject to the Structured Sentencing Act. *Id. See also* N.C.G.S. § 15A-1340.1 to -1340.7; N.C.G.S. §§ 15A-1340.10 *et seq*. Defendant's first argument is without merit.

**[2]** Defendant next contends that the new sentence violated his earlier plea bargain. Defendant claims that in exchange for his guilty plea the State would consolidate the two offenses under Structured Sentencing even though it knew that the offenses occurred under different sentencing schemes. This is an improper interpretation of the plea bargain. The actual terms were that in exchange for a guilty plea on the aforementioned charges the State would dismiss two other breaking and entering charges, provided that defendant began serving his sentence for the plea after he completed the ten year sentence he was then currently serving. The transcript clearly demonstrates that the sentences were consolidated after the plea was entered. The guilty plea was made before the discrepancy in sentencing schemes was brought to the trial court's attention. The plea bargain was not violated by the resentencing because the State kept its end of the bargain and did not reinstate the two other charges. *See State v. Rodriguez*, 111 N.C. App. 141, 144, 431 S.E.2d 788, 790 (1993). *See also U.S. v. Fentress*, 792 F.2d 461, 464 (4th Cir. 1986) (applying North Carolina law).

**[3]** Defendant's next issue on appeal is that the resentencing hearing was unlawful. Defendant first contends that the resentencing hearing was unlawful because the state illegally filed a motion for appropriate relief. Specifically, defendant argues that the letter from the Department of Correction alerting the trial court of the erroneous sentence was, in essence, a motion for appropriate relief, and this motion was not filed within the statutory period of 10 days. N.C. Gen. Stat. § 15A-1416 (1997). We disagree.

A motion for appropriate relief is a post-verdict or post-sentencing motion made to correct errors occurring during and after a criminal trial. *State v. Small*, 131 N.C. App. 488, 494, 508 S.E.2d 799, 803 (1998). To properly file a written motion for appropriate relief, it must state the grounds for the motion, set forth the relief sought, be timely filed with the clerk, and be served in accordance to N.C. Gen.

Stat. § 15A-951(b) (1997). N.C. Gen. Stat. § 15A-1420 (1997). This letter was not a motion for appropriate relief. It was a form letter, alerting the trial court to its error in applying the law as to the sentence. Upon learning of its error the trial court vacated its previous unlawful sentence and imposed a sentence using the appropriate applicable law. *See State v. Rollins*, 131 N.C. App. 601, 607, 508 S.E.2d 554, 558 (1998) (previous sentence vacated for the purpose of resentencing when prior sentence invalid).

Defendant also contends that the resentencing hearing was illegal because the trial court had no jurisdiction over the matter because the term of court had expired. If a judgment is invalid as a matter of law, North Carolina Courts have the authority to vacate the invalid sentence and resentence the defendant accordingly, even if the term has ended. *See State v. Bonds*, 45 N.C. App. 62, 64, 262 S.E.2d 340, 342 (1980).

> Specifically, N.C.G.S. [§] 15A-1415(b)(8) allows relief to be granted when a prison sentence was "*unauthorized at the time imposed*, exceeded the maximum authorized by law, was illegally imposed, or is otherwise invalid as a matter of law." If resentencing is required, the trial division may enter an appropriate sentence. N.C. Gen. Stat. 15A-1417(c).

*Id.* at 63-64, 262 S.E.2d at 342 (emphasis added). Defendant's sentence for the breaking and entering committed 19 September 1994 was unauthorized at the time imposed because it applied inappropriate sentencing law. *See Burton*, 114 N.C. App. at 615, 442 S.E.2d at 387. As a matter of law, the conviction for the offenses committed 19 September 1994 were subject to the Fair Sentencing Act. *Id.* As a matter of law, the offenses committed 4 October 1994 were punishable as prescribed by the Structured Sentencing Act. N.C.G.S. § 15A-1340.10. As such, the trial court was authorized to resentence defendant using correct law.

[4] Defendant's final argument on appeal is that the increased sentence was illegal because it violated double jeopardy and due process under the Constitution. This argument is not properly before this Court.

> In order to preserve a question for appellate review, *a party must have presented to the trial court a timely request, objection or motion*, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not appar-

ent from the context. . . . *Any such question which was properly preserved for review by action of counsel . . . may be made the basis of an assignment of error in the record on appeal.*

N.C.R. App. P. 10(b)(1) (1999) (emphasis added). In the resentencing hearing and in his motion for appropriate relief defendant failed to address the increased sentence; he argued only that the sentences should have been consolidated. In addition, defendant never addressed the constitutionality of the resentencing. Our Supreme Court has made it clear that constitutional questions not raised to the trial court or in a motion will not be considered on appeal. *See State v. Gibbs,* 335 N.C. 1, 42, 436 S.E.2d 321, 344 (1993), *cert. denied,* 512 U.S. 1246, 129 L. Ed. 2d 881 (1994). Since he failed to make the constitutional argument either at the resentencing hearing or in his motion for appropriate relief, defendant may not present the argument to this Court. *See id.*

Affirmed.

Judges TIMMONS-GOODSON and HORTON concur.