STATE OF NORTH CAROLINA v. ALVINO RAE WILSON, JR.

No. COA01-1559

(Filed 19 November 2002)

**Sentencing— second-degree kidnapping—firearm enhancement penalty—failure to allege enhancement factors**

The trial court erred in its resentencing of defendant for second-degree kidnapping and the firearm enhancement penalty under N.C.G.S. § 14-2.2(a) by imposing a sentence exceeding the range authorized by N.C.G.S. § 15A-1340.17, because: (1) although defendant pleaded guilty to a firearm enhancement, the statutory factors necessary for the enhancement were not alleged in the indictment; (2) the case was no longer final for purposes of the

STATE v. WILSON

[154 N.C. App. 127 (2002)]

Lucas rule when the trial court voided the original judgments of conviction to enter a new single judgment; and (3) on the specific facts of this case defendant cannot be resentenced using the firearm enhancement penalty due to the State's failure to allege in the original indictment the statutory factors supporting the enhancement despite the fact that the original indictment occurred before the decision of *State v. Lucas*, 353 N.C. 568, which states that its law applies to cases that were not yet final as of 9 August 2001.

Judge HUNTER dissenting in part.

Appeal by defendant from judgment entered 14 September 2001 by Judge Melzer A. Morgan, Jr. in Superior Court, Rockingham County. Heard in the Court of Appeals 18 September 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Barbara S. Blackman, for defendant-appellant.*

McGEE, Judge.

Alvino Rae Wilson, Jr. (defendant) was indicted on 8 April 1996 for first-degree kidnapping. Defendant pleaded guilty on 25 June 1996 to one count of second-degree kidnapping, felony firearm enhancement, felonious larceny, and misdemeanor assault with a deadly weapon. The trial court determined defendant to have a Prior Record Level of II and sentenced him to twenty-nine to forty-four months' active imprisonment for the second-degree kidnapping. The trial court entered a separate judgment imposing a consecutive sentence of sixty to eighty-one months' active imprisonment for the firearm enhancement penalty. The trial court arrested judgment on the misdemeanor assault with a deadly weapon offense and sentenced defendant for felonious larceny to eight to ten months suspended, running consecutively with the sentence from the firearm enhancement penalty.

After notification by the Department of Correction of an irregularity in sentencing in having two separate judgments for the second-degree kidnapping and the firearm enhancement penalty, the trial court ordered on 5 October 2000 that defendant be re-sentenced. Defendant was re-sentenced on 14 September 2001 to eighty-nine to

**STATE v. WILSON**

[154 N.C. App. 127 (2002)]

one-hundred sixteen months in a single judgment for the second-degree kidnapping offense with a firearm enhancement. Defendant appeals this re-sentencing.

## I.

The State argues defendant's appeal should be dismissed because defendant is not entitled to an appeal as a matter of right. Defendant contends that the sentence imposed in the re-sentencing hearing on 14 September 2001 resulted in a sentence exceeding the range authorized by N.C. Gen. Stat. § 15A-1340.17 due to the enhancement of his second-degree kidnapping sentence. Defendant argues that this falls into one of the categories of appeal authorized as of right under N.C. Gen. Stat. § 15A-1444(a2), and therefore he is entitled to appeal. The sentence imposed by the trial court on re-sentencing exceeds the range authorized by N.C. Gen. Stat. § 15A-1340.17 (2001), and we therefore review the re-sentencing to determine whether it was properly enhanced under N.C. Gen. Stat. §§ 14-2.2 and 15A-1340.16A (2001). *See* N.C. Gen. Stat. § 15A-1444(a2)(2) (2001).

## II.

Defendant assigns as error the trial court's re-sentencing to an enhanced term under N.C.G.S. § 14-2.2(a), arguing that the re-sentencing violates his right to due process under both the United States and North Carolina Constitutions as the trial court lacked jurisdiction to sentence upon a non-indicted count. N.C.G.S. § 14.2.2(a) states that

> [i]f a person is convicted of a Class A, B, B1, B2, C, D, or E felony and the person used, displayed, or threatened to use or display a firearm during the commission of the felony, the person shall, in addition to the punishment for the underlying felony, be sentenced to a minimum term of imprisonment for 60 months as provided by G.S. 15A-1340.16A.

Therefore, a trial court applying the firearm enhancement penalty must do so in accordance with N.C.G.S. § 15A-1340.16A. The relevant portion of N.C.G.S. § 15A-1340.16A states that

> [i]f a person is convicted of a Class A, B1, B2, C, D, or E felony and the court finds that the person used, displayed, or threatened to use or display a firearm at the time of the felony, the court shall increase the minimum term of imprisonment to which the person is sentenced by 60 months.

The recent North Carolina Supreme Court case of *State v. Lucas*, 353 N.C. 568, 548 S.E.2d 712 (2001), explicitly adopted the rule announced by the United States Supreme Court in *Jones v. United States*, 526 U.S. 227, 143 L. Ed. 2d 311 (1999) and *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435 (2000). In *Lucas*, our Supreme Court stated that the sentencing of a defendant to an enhanced sentence pursuant to N.C.G.S. § 15A-1340.16A

> is forbidden by *Jones* and *Apprendi* unless the use of a firearm under the statute is charged in the indictment, proven beyond a reasonable doubt, and submitted to the jury. Accordingly, we hold that in every instance where the State seeks an enhanced sentence pursuant to N.C.G.S. § 15A-1340.16A, it must allege the statutory factors supporting the enhancement in an indictment, which may be the same indictment that charges the underlying offense, and submit those factors to the jury. If the jury returns a guilty verdict that includes these factors, the trial judge shall make the finding set out in the statute and impose an enhanced sentence.

*Lucas*, 353 N.C. at 597-98, 548 S.E.2d at 731.

However, the decision in *Lucas* only "applies to cases in which the defendants have not been indicted as of the certification date of [that] opinion, [9 August 2001,] and to cases that are now pending on direct review or are not yet final." *Id.* at 598, 548 S.E.2d at 732. Defendant essentially argues that the re-sentencing in the present case resulted in his case no longer being "final" at the moment of re-sentencing, thus bringing it under the strictures of *Lucas*. A case is "final" when " 'a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition of certiorari elapsed or a petition for certiorari finally denied.' " *State v. Zuniga*, 336 N.C. 508, 511 n.1, 444 S.E.2d 443, 445 n.1 (1994) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6, 93 L. Ed. 2d 649, 657 n.6 (1987)).

Although defendant pleaded guilty to a firearm enhancement, the statutory factors necessary for the enhancement were not alleged in the indictment. Therefore, as the State correctly points out, whether defendant was properly sentenced to a firearm enhancement at the re-sentencing on 14 September 2001 depends on whether the case before us was "final" at the time of re-sentencing. If defendant's case was "final," then *Lucas* does not apply and the sentencing will stand. *See Lucas*, 353 N.C. at 598, 548 S.E.2d at 732. If defendant's case was

not "final," defendant cannot be sentenced for a plea based upon a firearm enhancement when the necessary statutory factors were not alleged in the indictment. *See State v. Wimbish,* 147 N.C. App. 287, 292, 555 S.E.2d 329, 333 (2001).

The use of two separate judgments by the trial court in the original disposition of the case was in error. The Department of Correction, as it did in *State v. Branch,* 134 N.C. App. 637, 640-41, 518 S.E.2d 213, 215-16 (1999), brought this error to the attention of the trial court by letter. In *Branch,* our Court noted this was an appropriate method for the Department of Correction to bring an irregularity in sentencing to the attention of the trial court. *Id.* In the case before us, the trial court set the matter for re-sentencing and conducted a re-sentencing hearing to correct its erroneous sentence originally imposed.

Defendant argues that because the original judgments and sentencing were in error there was never a judgment of conviction in the case, and therefore the case could not have been final. We disagree. The fact that the original sentencing in this case was in error, does not render the judgment void. *Hamilton v. Freeman,* 147 N.C. App. 195, 204, 554 S.E.2d 856, 861 (2001), *appeal dismissed and disc. review denied,* 355 N.C. 285, 560 S.E.2d 803 (2002) ("Where a court has authority to hear and determine the questions in dispute and has control over the parties to the controversy, a judgment issued by the court is not void, even if contrary to law.") (citing *Allred v. Tucci,* 85 N.C. App. 138, 142, 354 S.E.2d 291, 294, *disc. review denied,* 320 N.C. 166, 358 S.E.2d 47 (1987)). If contrary to law, the judgment is only voidable, and therefore constitutes a binding judgment of conviction that must be honored until vacated or corrected. *Id.* (citing *Allred,* 85 N.C. App. at 142, 354 S.E.2d at 294).

In the case before us, defendant was originally subject to two separate judgments, one for second-degree kidnapping, and a separate one for the firearm enhancement penalty. Upon notice of the error in this method of sentencing, the trial court laudably sought to remedy the error. The State argues that the trial court simply modified the sentence to bring it in line with the appropriate sentencing guidelines. However, in the present case, where there were originally two judgments, one of which was a firearm enhancement, invalid as a separate judgment, the trial court must vacate the firearm enhancement judgment along with the sentence for the second-degree kidnapping judgment, and re-sentence defendant to the appropriate term of imprisonment for second-degree kidnapping with a firearm

enhancement in a single judgment. *See Branch*, 134 N.C. App. at 640-41, 518 S.E.2d at 215-16 (vacating and imposing a sentence using the appropriate law upon learning through a letter from the Department of Correction that the original sentence was unlawful); *State v. Rollins*, 131 N.C. App. 601, 607, 508 S.E.2d 554, 558 (1998) (vacating previous sentence for the purpose of re-sentencing when the previous sentence was invalid); *State v. Morgan*, 108 N.C. App. 673, 425 S.E.2d 1 (1993) (holding that the trial court had the authority to set aside a sentence and to re-sentence a defendant if such re-sentencing was required), *disc. review improvidently allowed*, 335 N.C. 551, 439 S.E.2d 127 (1994); *State v. Bonds*, 45 N.C. App. 62, 64, 262 S.E.2d 340, 342 (holding that the North Carolina Courts have the authority to vacate an invalid sentence and re-sentence a defendant even after the term has ended), *appeal dismissed and disc. review denied*, 300 N.C. 376, 267 S.E.2d 687, *cert. denied*, 449 U.S. 883, 66 L. Ed. 2d 107 (1980).

In the present case, the trial court did just that, vacating the improper sentences and the improper firearm enhancement judgment, and re-sentencing defendant to the appropriate term of imprisonment. However, when the trial court vacated the firearm enhancement judgment and the second-degree kidnapping sentence, the case was no longer "final" for purposes of the *Lucas* rule, since the trial court had voided the original judgments of conviction to enter a new single judgment. Therefore, on this specific set of facts, defendant cannot be re-sentenced using the firearm enhancement penalty due to the failure of the State to allege in the original indictment the statutory factors supporting the enhancement, despite the fact that the original indictment occurred before *Lucas* was decided. *See Lucas*, 353 N.C. at 597-98, 568 S.E.2d at 731; *see also Griffith*, 479 U.S. at 325-28, 93 L. Ed. 2d at 659-62 (noting that simply because a new constitutional rule is a "clear break" from the law at the time of the original incidents leading to the conviction of a defendant, the new rule should still apply to non-final cases).

Although this case is likely not the type of case the North Carolina Supreme Court had in mind when it stated that *Lucas* would apply to cases that were not yet final as of 9 August 2001, the unique procedural nature of this case brings it under the requirements of *Lucas*. We therefore remand this case for re-sentencing without imposition of an enhanced sentence pursuant to N.C.G.S. § 15A-1340.16A.

Remanded for re-sentencing.

Judge WALKER concurs.

Judge HUNTER dissents with a separate opinion.

HUNTER, Judge, dissenting in part.

I respectfully dissent from the majority opinion's conclusion that defendant's case was not "final" thereby resulting in the trial court committing error by imposing the firearm enhancement penalty on defendant's re-sentencing for second-degree kidnapping.

As stated in the majority opinion, "[i]f a judgment is invalid as a matter of law, North Carolina Courts have the authority to vacate the invalid sentence and resentence the defendant accordingly . . . ." *State v. Branch*, 134 N.C. App. 637, 641, 518 S.E.2d 213, 216 (1999). Here, I agree with the majority's conclusion that defendant's separate sentence for the firearm enhancement was invalid and should be vacated based on the court's misapplication of N.C. Gen. Stat. § 15A-1340.16A. However, our case law indicates that the kidnapping sentence was still valid and only had to be modified due to the court's mistake of law.

At least two North Carolina cases have upheld changes made to a defendant's sentence without invalidating that sentence when a trial court has mistakenly applied the requisite law. In *State v. LeSane*, 137 N.C. App. 234, 528 S.E.2d 37 (2000), a trial court originally sentenced the defendant to life imprisonment based on its mistake as to when an amendment to the relevant statute (requiring life imprisonment without parole) would go into effect. After the defendant was sentenced, the court learned of the mistake and appropriately re-sentenced the defendant. This Court held that the re-sentence was not invalidated by the court's mistake of law because it resulted in no prejudice to the defendant. *Id.* at 245, 528 S.E.2d at 44. Also, in *State v. Brown*, 59 N.C. App. 411, 417, 296 S.E.2d 839, 843 (1982), this Court held that a "trial court acted properly in changing [a] defendant's sentence after discovering it had mistakenly applied the wrong parole law when originally sentencing defendant."

I find these two cases to be analogous to the case *sub judice*. The trial court mistakenly sentenced defendant without properly applying the firearm enhancement statute. This mistake of law resulted in defendant originally receiving two separate sentences;

one for second-degree kidnapping and another for the firearm enhancement. Although the separate firearm enhancement sentence was invalid, the kidnapping sentence was valid and only required a change or modification to bring it in accordance with N.C. Gen. Stat. § 15A-1340.16A. Defendant was not prejudiced by this change because it did not result in him receiving a greater sentence than was originally given to him.

Accordingly, the trial court did not err in re-sentencing defendant for the second-degree kidnapping offense with a firearm enhancement because defendant's case was final for purposes of the *Lucas* rule.