STATE OF NORTH CAROLINA v. ROBERT A. BENNETT.

(Filed 20 September, 1967.)

**1. Indictment and Warrant § 9—**

Where defendant waives preliminary hearing in the general county court on the warrant upon which defendant was arrested, and is bound over to the Superior Court, the trial in the Superior Court is upon the indictment there found and not the warrant.

**2. Same—**

Neither the caption nor extraneous words on the front or back of an indictment is a part of the indictment, and the words on the back of an indictment "Indictment Third Escape" cannot enlarge nor diminish the offense charged in the body of the instrument.

**3. Escape § 1—**

In order for an indictment for an escape to support punishment for the felony of a third escape, it is required that the indictment allege facts

showing with particularity the prior escapes, and an indictment having the words "Indictment Third Escape" on the back of the indictment, without any allegations as to the prior escapes, is insufficient to support a felony sentence. G.S. 15-147.

**4. Criminal Law § 23—**

A plea of guilty can relate only to an offense charged in the indictment, and the sentence may not exceed the sentence prescribed by law for such offense.

APPEAL by defendant from *Bryson, J.,* at the 8 May 1967 Criminal Session of BUNCOMBE.

The defendant was arrested under a warrant charging him with felonious escape from the lawful custody of the State Prison Department while serving sentences for the crimes of nonsupport, which is a misdemeanor, escape and second escape. In the general county court of Buncombe, he waived a preliminary hearing and was bound over to the superior court.

A bill of indictment was submitted to the grand jury, which returned it a true bill. Beneath the caption of the case, on the back of the bill of indictment, the words "INDICTMENT Third Escape" appear. However, the body of the bill merely charges that the defendant "while then and there serving a sentence for the crime of Non-Support, which is a misdemeanor * * * then and there unlawfully, wilfully, and feloniously did attempt to escape and escaped from the said State Prison Department," without any reference to any former escape.

The record before us states that when the case was called for trial, the defendant, through his court appointed counsel, "tendered a plea of guilty to the felony of a third escape." The defendant then took the stand and "upon being asked by the Honorable Court as to the reason for his third escape," stated that it was due to a death in his family. Thereupon, the court imposed "an additional sentence of two years."

The Minute Docket, as quoted in the record, recites that the defendant, "charged with a third escape from lawful confinement, a felony," entered a "plea of guilty to said charge, as set out in the bill of indictment."

The commitment of the defendant to the State's Prison, as quoted in the record, recites that the defendant was brought to trial "upon one charge of second escape," and having entered a plea of guilty to that charge was sentenced to imprisonment in the State's Prison for two years.

From the judgment imposed the defendant appeals. His only exception is to the judgment.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*
*Melvin K. Elias for defendant appellant.*

PER CURIAM.  The defendant was called upon in the superior court to plead to the bill of indictment, not to the warrant under which he was arrested. The caption of an indictment, whether on the front or the back thereof, is not a part of it and the designation therein of the offense sought to be charged can neither enlarge nor diminish the offense charged in the body of the instrument. *State v. Davis,* 225 N.C. 117, 33 S.E. 2d 623; *State v. Brickell,* 8 N.C. 354. Furthermore, the words, "Third Offense," even if included in the body of the indictment are not sufficient to charge the offense of felonious escape, it being necessary also to allege in the indictment facts showing that at a certain time and place the defendant was convicted of the previous offense or offenses. G.S. 15-147; *State v. Lawrence,* 264 N.C. 220, 141 S.E. 2d 264. Consequently, the indictment in the present case charges the defendant with the offense of escape from the lawful custody of the State Prison Department while serving a sentence imposed for the commission of a misdemeanor, without any allegation that he had previously committed the offense of escape.

Obviously, a defendant, called upon to plead to an indictment, cannot plead guilty to an offense which the indictment does not charge him with having committed. 22 C.J.S., Criminal Law, § 423(1). Consequently, upon a plea of guilty he may not be given a sentence in excess of the maximum provided by the statute for the offense charged in the indictment. G.S. 148-45(a) provides that a prisoner who escapes while serving a sentence imposed upon conviction of a misdemeanor "shall for the first such offense be guilty of a misdemeanor and, upon conviction thereof, shall be punished by imprisonment for not less than three months nor more than one year."

It follows that the judgment from which the defendant appeals imposes upon him a sentence in excess of that which the court was authorized to impose for the offense to which he must be deemed to have pled guilty. The judgment of the court below is, therefore, reversed and the cause remanded to the Superior Court of Buncombe County for the imposition of a sentence within the limits prescribed for a first offense of escape while serving a sentence for a misdemeanor.

Reversed and remanded.