STATE v. WIMBISH

[147 N.C. App. 287 (2001)]

_____

STATE OF NORTH CAROLINA v. JAMES ALEXANDER WIMBISH, JR.

No. COA00-1139

(Filed 20 November 2001)

**Sentencing— firearm enhancement statute—first-degree burglary—failure of indictment to allege statutory factors**

The trial court erred in a first-degree burglary case by using the firearm enhancement statute under N.C.G.S. § 15A-1340.16A to lengthen defendant's sentence by 60 months, because: (1) the indictment failed to allege that defendant used, displayed, or threatened to use or display a firearm at the time of the felony; and (2) defendant's plea of guilty has no bearing on the requirement that statutory factors supporting an enhancement must be included in the indictment.

Appeal by defendant from judgment entered 6 January 2000 by Judge Robert H. Hobgood in Vance County Superior Court. Heard in the Court of Appeals 18 September 2001.

*Attorney General Roy Cooper, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*Paul Pooley, for defendant-appellant.*

CAMPBELL, Judge.

Defendant appeals from a 60-month enhancement of his first-degree burglary sentence imposed pursuant to section 15A-1340.16A of the North Carolina General Statutes ("section 15A-1340.16A").

Defendant is not entitled to an appeal as a matter of right[1] and did not petition this Court to review his case by writ of certiorari. Nevertheless, we exercise our discretionary power and choose to consider defendant's appeal as a petition for writ of certiorari "to prevent manifest injustice to" defendant. *See* N.C.R. App. P. 2 (2001). Accordingly, we reverse and remand the burglary sentence to the trial court with instructions to resentence defendant without imposition of an enhanced sentence pursuant to the firearm enhancement statute.

On 28 June 1997, defendant and his wife, Jendine Williams Wimbish, stayed overnight with defendant's uncle and aunt, James and Doris Jefferson. During the night, defendant began choking and assaulting his wife. Defendant's uncle called the police and made defendant leave the house. Defendant went to his own home and returned to his uncle's house with two shotguns. After his uncle refused to let him in, defendant shot the door twice with a shotgun, wounding his uncle and disabling the lock. After kicking in the door, defendant entered the house and shot his wife in the chest area, killing her. Defendant's aunt also died after being struck by four individual shotgun pellets, which fractured her skull and lacerated several arteries. When the police arrived, defendant admitted shooting both women.

Defendant was indicted for four offenses on 29 June 1997: first-degree burglary of his uncle and aunt's house (97 CRS 5444); assault with a deadly weapon with intent to kill inflicting serious injury ("ADWWIKISI") against his uncle (97 CRS 5445); first-degree murder of his aunt (97 CRS 5374); and first-degree murder of his wife (97 CRS 5375). Defendant was tried capitally before a jury at the 8 September 1998 Criminal Session in Vance County Superior Court. During the trial, presided over by Judge Robert H. Hobgood, a negotiated plea was reached and defendant entered pleas of guilty to two counts of second-degree murder and one count each of first-degree burglary and ADWWIKISI. The terms of the plea agreement specified that defendant's sentencing would run consecutively at the maximum aggravated range and that the firearm enhancement statute would apply to the burglary charge. The court sentenced defendant to terms

---

1. *See* N.C. Gen. Stat. § 15A-1444 (1999) (providing when a defendant found guilty of a crime is entitled to appeal). Since even with the 60-month enhancement, defendant's minimum sentence for the first-degree burglary conviction was within the appropriate presumptive range, defendant is limited to a review only by way of writ of certiorari.

of 237 to 294 months for each murder conviction, a term of 155 to 204 months for the burglary conviction (which included the firearm enhancement), and a term of 125 to 159 months for the ADWWIKISI conviction, all sentences running consecutively.

Defendant's 1 October 1999 petition for writ of certiorari was allowed by this Court on 20 October 1999. All judgments were vacated and remanded for resentencing because the trial court had departed from the presumptive range of sentences without supporting its departure by written findings.

A resentencing hearing was held on 6 January 2000 in Vance County Superior Court, again before Judge Hobgood. The court incorporated all evidence from the trial and original sentencing, and heard additional evidence. It then sentenced defendant to terms of 237 to 294 months for each murder conviction. The court also sentenced defendant to a term within the presumptive range of 137 to 174 months for the burglary conviction, including a 60-month firearm sentence enhancement, and to a term within the presumptive range of 100 to 129 months for the ADWWIKISI conviction. All sentences were to run consecutively. Defendant appeals the resentencing.

The issue raised by defendant is whether the trial court committed error when it enhanced his first-degree burglary sentence, pursuant to section 15A-1340.16A, without the statutory enhancement factors having been charged in the indictment, without submitting those factors to a jury, and without requiring the State to prove them beyond a reasonable doubt. We find that error was committed.

North Carolina's firearm enhancement statute provides, in part:

> If a person is convicted of a Class A, B1, B2, C, D, or E felony and the court finds that the person used, displayed, or threatened to use or display a firearm at the time of the felony, the court shall increase the minimum term of imprisonment to which the person is sentenced by 60 months. The court shall not suspend the 60-month minimum term of imprisonment imposed as an enhanced sentence under this section and shall not place any person sentenced under this section on probation for the enhanced sentence.

N.C. Gen. Stat. § 15A-1340.16A(a) (1999). However, this subsection does not apply if "[t]he evidence of the use, display, or threatened use

or display of a firearm is needed to prove an element of the underlying Class A, B1, B2, C, D, or E felony." § 15A-1340.16A(b)(2).[2]

Two United States Supreme Court cases recently addressed the issue of statutory sentence enhancement. Also, the North Carolina Supreme Court has specifically addressed the sentence enhancement statute at issue in this case. The holdings in these cases are binding on this Court.

In *Jones v. United States*, 526 U.S. 227, 143 L. Ed. 2d 311 (1999), the defendant was indicted, in part, under a federal carjacking statute containing subsections that authorized the imposition of an enhanced sentence. *See* 18 U.S.C. § 2119 (1988). Defendant eventually received an enhanced sentence even though the indictment did not allege any of the enhancement factors listed in the subsections. Although the United States Court of Appeals for the Ninth Circuit affirmed the defendant's sentence, the United States Supreme Court later reversed. It held that where a federal statute establishes separate offenses specified by distinct elements, each of those elements "must be charged by indictment, proven beyond a reasonable doubt, and submitted to a jury for its verdict." *Jones*, 526 U.S. at 252, 143 L. Ed. 2d at 331.

The holding in *Jones* was later applied to the states in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435 (2000). In *Apprendi*, defendant was indicted, in part, for violating a New Jersey state law regarding firearm possession. *See* N.J. Stat. Ann. § 2C:39-4a (West 1995). After determining by a preponderance of the evidence that defendant's statutory violation was an attempt to intimidate racial minorities, the trial judge enhanced defendant's sentence by applying a New Jersey hate crime law. *See* N.J. Stat. Ann. § 2C:44-3(e) (West 2000). The hate crime law was not referred to in the indictment. The United States Supreme Court reversed the rulings of both the Appellate Division of the Superior Court of New Jersey and the New Jersey Supreme Court. It held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455.

---

2. Defendant also argues that the enhancement of his first-degree burglary sentence should be vacated because his use of a firearm was necessary to prove the "breaking" element of the burglary charge. Although we disagree, this argument will not be addressed because we find error with the trial court's judgment on other grounds.

The North Carolina Supreme Court addressed the holdings in *Jones* and *Apprendi* in *State v. Lucas*, 353 N.C. 568, 548 S.E.2d 712 (2001). In *Lucas*, the trial court had imposed an enhanced sentence on the defendant's burglary and kidnapping sentences pursuant to section 15A-1340.16A even though these enhancement factors had not been alleged in the indictments. The defendant argued that the "statute unconstitutionally authorizes imposition of an enhanced sentence without requiring submission of the enhancing factors to a jury and without requiring proof of those factors beyond a reasonable doubt." *Id.* at 592, 548 S.E.2d at 728.

Our Supreme Court ultimately granted the defendant a new sentencing hearing after making several holdings relevant to the present case. First, it held that section 15A-1340.16A was constitutional by requiring "the State [to] meet the requirements set out in *Jones* and *Apprendi* in order to apply the enhancement provisions of the statute." *Id.* at 598, 548 S.E.2d at 732. Second, "in every instance where the State seeks an enhanced sentence pursuant to N.C.G.S. § 15A-1340.16A, it must allege the statutory factors supporting the enhancement in an indictment, which may be the same indictment that charges the underlying offense, and submit those factors to the jury." *Id.* at 597-98, 548 S.E.2d at 731. Finally, our Supreme Court held "this ruling applies to cases in which the defendants have not been indicted as of the certification date of this opinion and to cases that are now pending on direct review or are not yet final." *Id.* at 598, 548 S.E.2d at 732.

As previously stated, defendant argues that the trial court committed error when it applied the firearm enhancement statute to his first-degree burglary sentence. Based on the evidence, this Court is satisfied that defendant's possession of two shotguns while committing first-degree burglary, a class D felony under our statutes, is the type of crime normally eligible for enhancement. *See* N.C. Gen. Stat. § 14-52 (1999). However, the first-degree burglary indictment stated only that defendant:

> [U]nlawfully, willfully, and feloniously during the nighttime between the hours of 12:00 a.m. and 3:30 a.m. did break and enter the dwelling house of James T. Jefferson. . . .

> At the time of the breaking and entering the dwelling house was actually occupied by James T. Jefferson and Doris S. Jefferson. The defendant broke and entered with the intent to commit a felony therein: murder.

According to *Lucas*, in order for a defendant to be subjected to sentence enhancement, an indictment must allege that defendant "used, displayed or threatened to use or display a firearm at the time of the felony[.]" *See* N.C. Gen. Stat. § 15A-1340.16A(a) (1999). Neither this indictment nor any other alleges these firearm enhancement factors. Therefore, enhancing defendant's sentence absent statutory factors being included in an indictment violates *Lucas*.

Defendant's plea of guilty has no bearing on the requirement that statutory factors supporting an enhancement must be included in the indictment. Our Supreme Court has held that "a defendant, called upon to plead to an indictment, cannot plead guilty to an offense which the indictment does not charge him with having committed." *State v. Bennett*, 271 N.C. 423, 425, 156 S.E.2d 725, 726 (1967) (citing 22 C.J.S. Criminal Law § 423(1)). Even though the firearm enhancement statute was mentioned in the plea agreement, it was not included in an indictment. Thus, defendant is not bound by his plea allowing enhancement of his sentence.

Since the present case was pending on direct review at the time *Lucas* was decided, *Lucas* compels us to hold that the trial court erred in imposing the firearm enhancement statute on defendant's first-degree burglary sentence. Therefore, we reverse the burglary sentence and remand for a new sentencing hearing with instructions that defendant be resentenced without imposition of an enhanced sentence pursuant to section 15A-1340.16A.

Reversed and remanded for resentencing.

Judges GREENE and THOMAS concur.

