BRYANT, Judge.
Where defendant pled guilty to an offense beyond the scope of that which was charged in an indictment, we reverse the judgment and remand this matter to the trial court for further proceedings.
On 6 August 2012, a Perquimans County grand jury indicted defendant Ramel A. Samuel on the charge of first-degree murder and on 10 April 2017, defendant was indicted for the offense of discharging a weapon into occupied property-a building , in violation of N.C. Gen. Stat. § 14-34.1(a). Defendant entered into a plea agreement with the State to plead guilty to the offenses of second-degree murder and discharging a weapon into occupied property. Sentencing was left to the court's discretion.
On 5 September 2017, a hearing was conducted in Pasquotank Superior Court,[1] before the Honorable J. Carlton Cole, Judge presiding. During the hearing, defendant tendered an Alford plea of guilty to the offense of discharging a firearm into an "occupied dwelling [,] ... a Class D felony, maximum punishment [of] 204 months." (emphasis added). The factual basis for the plea was that law enforcement officers responded to a residence and found shattered glass on the steps in front of a storm door, a shotgun shell on the ground, and the victim lying on the floor inside the residence suffering from an apparent gunshot wound. The trial court accepted defendant's guilty plea and sentenced defendant to 180 to 228 months for the Class B2 felony, second-degree murder, and 73 to 100 months for the Class D felony, discharging a firearm into occupied property, to be served consecutively.
On 12 September 2017, defendant entered a defective notice of appeal and subsequently filed with this Court a petition for a writ of certiorari.
Petition for Writ of Certiorari
Following entry of a defective notice of appeal, defendant petitioned this Court for a writ of certiorari to allow review of the sentence imposed pursuant to his guilty plea arguing that the sentence was not appropriate for the offense for which he pled guilty and that he lost his right to appeal due to lapse of time. We grant defendant's petition for writ of certiorari.
On appeal, defendant argues that the trial court erred by sentencing him for the offense of discharging a firearm into occupied property-specifically a dwelling-in violation of section 14-34.1(b), a Class D felony. Defendant contends that he pled guilty to discharging a firearm into occupied property-a building or structure-in violation of General Statutes, section 14-34.1(a), a Class E felony, and requests that he be resentenced accordingly. We agree.
"The issue of subject matter jurisdiction may be raised at any time, and may be raised for the first time on appeal." State v. Ross , 221 N.C. App. 185, 188, 727 S.E.2d 370, 372 (2012) (citation omitted).
"It is hornbook law that a valid indictment is a condition precedent to the jurisdiction of the Superior Court to determine the guilt or innocence of the defendant, and to give authority to the court to render a valid judgment." State v. Brice , 370 N.C. 244, 249, 806 S.E.2d 32, 36 (2017) (citation omitted). "For a court to have jurisdiction, 'a criminal offense [must] be charged in the warrant or indictment upon which the State brings the defendant to trial.' " State v. Wagner , 356 N.C. 599, 601, 572 S.E.2d 777, 779 (2002) (alteration in original) (quoting State v. Vestal , 281 N.C. 517, 520, 189 S.E.2d 152, 155 (1972) ).
Obviously, a defendant, called upon to plead to an indictment, cannot plead guilty to an offense which the indictment does not charge him with having committed. Consequently, upon a plea of guilty he may not be given a sentence in excess of the maximum provided by the statute for the offense charged in the indictment.
State v. Bennett , 271 N.C. 423, 425, 156 S.E.2d 725, 726 (1967) (citation omitted).
Pursuant to our General Statutes, section 14-34.1,
(a) Any person who willfully or wantonly discharges or attempts to discharge any firearm or barreled weapon capable of discharging shot, bullets, pellets, or other missiles at a muzzle velocity of at least 600 feet per second into any building ... while it is occupied is guilty of a Class E felony.
(b) A person who willfully or wantonly discharges a weapon described in subsection (a) of this section into an occupied dwelling ... is guilty of a Class D felony.
N.C. Gen. Stat. § 14-34.1(a) - (b) (2017) (emphasis added).
Defendant was indicted for "unlawfully, willfully, and feloniously ... discharg[ing] a 12 gauge shotgun, a firearm, into a building , ... while it was occupied by [the victim]" in violation of General Statutes, section 14-34.1(a). (emphasis added). A violation of section 14-34.1(a) is punishable as a Class E felony. Id. § 14-34.1(a). Pursuant to our structured sentencing statutes, the maximum punishment for a Class E felony is an active term of 88 months. Id. § 15A-1340.17(c), (e) (2017). Defendant subsequently entered into a plea agreement wherein he agreed to plead guilty to discharging a weapon into an occupied dwelling in violation of section 14-34.1. Defendant's plea agreement listed the violation as a Class D felony with a maximum punishment of 204 months.[2]
During the sentencing hearing, the State asked
[The prosecutor]: How does he plead ... in 17-CRS-118, felony discharging weapon into occupied dwelling.
[Defense counsel]: Pleads guilty, Your Honor, pursuant to the plea arrangement.
....
THE COURT: ... And today you are pleading guilty to ... a Class D felony, maximum punishment 204 months ... ?
THE DEFENDANT: Yes, sir.
THE COURT: At this time do you personally plead guilty?
THE DEFENDANT: Yes, sir.
The trial court accepted defendant's guilty plea and entered judgment accordingly. Defendant was sentenced within the presumptive range for a Class D felony, with a Level II prior record level. While in accordance with defendant's plea, the judgment against defendant was beyond the scope of the offense charged in defendant's indictment. See Bennett , 271 N.C. at 425, 156 S.E.2d at 726. Accordingly, we reverse and remand this matter for resentencing defendant for the offense of discharging a weapon into occupied property in violation of N.C. Gen. Stat. § 14-34.1(a) as a Class E felony.
REVERSED AND REMANDED.
Report per Rule 30(e).
Judges HUNTER, JR., and ARROWOOD concur.

This Perquimans County Superior Court case was heard in Pasquotank County.

Pursuant to General Statutes, section 15A-1340.17, the minimum presumptive range for a Level II offender convicted of a Class D felony is between 59 and 73 months, with an absolute maximum sentence of 100 months. N.C. Gen. Stat. § 15A-1340.17(c), (e) (2017).