PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ROBBIE JAMES LYONS,
*Petitioner-Appellant,*

v.

R. C. LEE, Warden, Central Prison,
Raleigh, North Carolina,
*Respondent-Appellee.*

No. 02-13

ROBBIE JAMES LYONS,
*Petitioner-Appellant,*

v.

R. C. LEE, Warden, Central Prison,
Raleigh, North Carolina,
*Respondent-Appellee.*

No. 02-14

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CA-000-107-1, CA-000-108-1)

Argued: October 28, 2002

Decided: January 21, 2003

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

---

Application for certificate of appealability denied and appeal dismissed by published opinion. Judge Williams wrote the majority opinion, in which Judge Luttig joined. Judge Gregory wrote a concurring opinion.

**COUNSEL**

**ARGUED:** John Kirk Osborn, OSBORN & TYNDALL, P.L.L.C., Chapel Hill, North Carolina, for Appellant. Valerie Blanche Spalding, Special Deputy Attorney General, NORTH CAROLINA DEPART-MENT OF JUSTICE, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Ernest L. Conner, Jr., DIXON, DOUB, CONNER & FOS-TER, P.L.L.C., Greenville, North Carolina, for Appellant. Roy Cooper, Attorney General of North Carolina, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.

---

**OPINION**

WILLIAMS, Circuit Judge:

A North Carolina jury convicted Robbie James Lyons of first-degree felony murder and attempted robbery with a dangerous weapon (attempted armed robbery). Following a capital sentencing proceeding, the jury recommended, and the trial court imposed, a sentence of death on the first-degree felony murder conviction.[1] After exhausting all available state remedies, Lyons filed two petitions in the United States District Court for the Middle District of North Carolina for a writ of habeas corpus. *See* 28 U.S.C.A. § 2254 (West 1994 & Supp. 2002). The first petition challenges a separate 1993 state court conviction for common law robbery. The second petition challenges the conviction and sentence for first-degree murder. The district court ordered that both petitions be denied and dismissed with prejudice.

Lyons seeks a certificate of appealability (COA) granting permission to appeal the district court's orders denying his habeas relief. We have consolidated Lyons's two petitions for review in this court. For the reasons that follow, we decline to grant a certificate of appealability and dismiss the appeal.

---

[1]The trial court arrested judgment on the conviction of attempted robbery with a dangerous weapon.

## I.

## A.

On the afternoon of September 25, 1993, Stephen Stafford was shot and killed in his place of business. Victoria Lytle witnessed the shooting.[2] Stafford owned a small business known as Sam's Curb Market (Sam's) in Winston-Salem, North Carolina. Lytle testified that on September 25, 1993, she stopped at Sam's. She parked in front of the store, and as she got out of her car, she noticed two men across the street. Lytle entered the store; while she was in the store, one of the men, Derick Hall, entered the store. While she was waiting for Hall to pay for his items, Lytle noticed Lyons standing outside and looking into the store. Lytle then paid for her purchases and left the store.

As Lytle closed her car door, she heard three gunshots. Upon hearing the shots, she looked up and saw a flash. She heard Stafford moan and saw him fall forward over the counter and then backward to the floor. Immediately afterward, she saw Lyons run out of the store with a gun in his hand.

Hall, Lyons's accomplice, testified that, on the morning of September 25, Hall had a long-barreled .22-caliber gun. When Hall and Lyons went to Sam's, Lyons had possession of the gun. As they approached the store, Lyons told Hall that he needed money and was going to rob the store. After Lytle left Sam's, Lyons entered and told Stafford to freeze and turn around. Hall also obeyed the command to demonstrate that he was playing no part in the robbery. Hall heard five shots. When Hall turned around, Lyons was gone and Stafford was lying on the floor. Stafford was grunting in an effort to speak, and he reached up and pushed the burglar alarm before collapsing back onto the floor.

The forensic pathologist testified that one bullet entered Stafford's left hand and was recovered from his wrist. This wound was consis-

---

[2]These facts are derived from the statement of facts in the Supreme Court of North Carolina's published opinion affirming Lyons's conviction and sentence for first-degree felony murder on direct appeal. *See State v. Lyons*, 468 S.E.2d. 204 (N.C. 1996).

tent with Stafford having grasped the gun and in itself would not have been fatal. Two more bullet fragments were discovered in Stafford's upper arm. This wound also would not have been fatal in the short term. Stafford had also been shot in the back. That bullet went into Stafford's chest through the lung and aorta and caused Stafford to bleed to death. The firearms expert testified that two of the bullets that were recovered were .22 caliber. The other fragments recovered were too deformed to yield a result.

B.

The jury returned a verdict finding Lyons guilty of attempted armed robbery and first-degree murder under the felony murder theory, with the attempted armed robbery as the underlying felony. At the sentencing phase, the court submitted and the jury found one aggravating circumstance: that Lyons previously had been convicted of a felony involving the use or threat of violence to the person. To support this aggravating circumstance, the state submitted evidence that Lyons had been convicted of two prior felonies involving the use or threat of violence to the person, one of which was an armed robbery,[3] and the other one of which was a common law robbery.[4] The jury found two statutory and four nonstatutory mitigating circumstances. The jury unanimously found that the aggravating circumstance was sufficiently substantial to call for the imposition of death when considered with the mitigating factors. The jury unanimously recommended, and the trial court imposed, a sentence of death. *See* N.C. Gen. Stat. § 15A-2000(b) (2001).

Lyons appealed to the Supreme Court of North Carolina, which found no error in Lyons's conviction or death sentence. On October 7, 1996, the United States Supreme Court denied Lyons's petition for

---

[3]Lyons does not challenge the armed robbery conviction.

[4]The common law robbery conviction stemmed from a crime that took place on Stratford Road in Winston-Salem. Lyons was originally charged with robbery with a deadly weapon (armed robbery). On August 10, 1993, Lyons entered a negotiated guilty plea to common law robbery pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). Lyons was sentenced to probation and released. His probation was terminated in October 1993.

a writ of certiorari. Lyons did not challenge his common law robbery conviction in either of these direct appeals.

On April 14, 1997, Lyons filed a Motion for Appropriate Relief (MAR) from the 1993 common law robbery conviction and a MAR from the first-degree murder conviction in North Carolina state court. After holding two evidentiary hearings, the state MAR court denied Lyons's requested relief. On August 19, 1999, the Supreme Court of North Carolina denied Lyons's petition for certiorari review. On January 18, 2000, the United States Supreme Court denied certiorari in both cases.

Lyons then filed two separate petitions for habeas relief in the federal district court. One challenges his common law robbery conviction, and the other challenges his first-degree murder conviction. The petitions were referred to a United States magistrate judge, *see* 28 U.S.C.A. § 636 (West 1993 & Supp. 2002), who recommended that the district court dismiss both petitions. After a de novo review, the district court adopted the magistrate judge's recommendations as to both petitions and dismissed Lyons's petitions for habeas relief. The district court also declined to issue COAs. Fed. R. App. P. 22(b)(1) ("If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue.").

Lyons seeks to appeal four issues: (1) whether he can challenge his common law robbery conviction in its own right; (2) whether he can challenge his enhanced sentence for first-degree murder on the ground that his prior common law robbery conviction was unconstitutionally obtained; (3) whether the jury instructions during the sentencing phase of his first-degree murder conviction violated his due process rights; and (4) whether North Carolina's short-form indictment renders the first-degree murder conviction and death sentence invalid pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We address each of Lyons's requests below.

II.

As the district court declined to issue a COA, we must first grant a COA to entertain Lyons's appeal. 28 U.S.C.A. § 2253(c)(1) (West

Supp. 2002); *Slack v. McDaniel*, 529 U.S. 473, 485 (2000). "Under AEDPA, a COA may not issue unless 'the applicant has made a substantial showing of the denial of a constitutional right.'" *Slack*, 529 U.S. at 483 (quoting 28 U.S.C.A. § 2253(c)). To make the required showing, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'" *Id.* at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

A.   *Challenge to the Common Law Robbery Conviction In Its Own Right*

The district court dismissed Lyons's challenge to his common law robbery conviction in its own right for lack of jurisdiction because Lyons was no longer "in custody" with respect to this conviction. In *Slack*, the Supreme Court clarified the showing required to satisfy § 2253(c) where the district court dismisses the petition based on procedural grounds. *See Slack*, 529 U.S. at 484. Where the district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying claims, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." *Id.* at 485. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* at 484.

As Lyons was not "in custody" for the common law robbery conviction at the time he filed his habeas petition, reasonable jurists could not find the district court's procedural ruling debatable. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (interpreting 28 U.S.C.A. § 2254(a) as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed). Thus, we deny the application for a COA on this claim.

### B.   *Challenge to the First-Degree Murder Sentence As Enhanced By the Common Law Robbery Conviction*

Lyons also challenges his first-degree murder sentence as enhanced by the common law robbery conviction on the ground that the common law robbery conviction was unconstitutionally obtained. The district court applied the general rule articulated in *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 400 (2001), that a petitioner may not challenge an enhanced sentence on the ground that the prior conviction was unconstitutionally obtained and accordingly dismissed the claim. Because, as we discuss below, Lyons has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack*, 529 U.S. at 484, we deny the application for a COA on this claim.

Lyons first argues that *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 400 (2001), does not apply to him because his original conviction was void. This argument is without merit. In the alternative, Lyons argues that he falls into the exception to *Coss* for the failure to appoint counsel and the exception articulated by the plurality in *Coss* for claims of actual innocence. As Lyons was represented by counsel in the common law robbery proceeding, the exception for failure to appoint counsel does not apply. Even assuming that the exception espoused by the plurality in *Coss* exists, Lyons does not satisfy the exception because his claim of actual innocence[5] does not

---

[5]Because Lyons entered an *Alford* plea, to show "actual innocence," he must show that he was factually innocent of both the common law robbery charge to which he pleaded and the original charge of armed robbery. *See Bousley v. United States*, 523 U.S. 614, 624 (1998) ("In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges.").

Lyons claims that he is innocent of the original charge of armed robbery because the pellet pistol was not functional. According to Lyons, "Tracee Smith [the driver of the car] knew that the gun used by [Lyons's co-defendant] to threaten the alleged victim was a non-functional pellet gun belonging to her nephew." (Appellant's Br. at 12-13.) There is no indication that such testimony could not have been presented in 1993 through the exercise of due diligence.

rest on evidence that could not have been discovered earlier through the exercise of due diligence.

Thus, the general rule that federal postconviction relief is unavailable when a prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody applies on the facts of this case. Because we cannot conclude that "reasonable jurists" would find the district court's procedural ruling "debatable," *Slack*, 529 U.S. at 484, we deny Lyons's application for a COA on this claim.

### C.  *Challenge to First-Degree Murder Jury Instructions*

Next, Lyons argues that the jury was improperly instructed as to its consideration of mitigating circumstances in violation of *McKoy v. North Carolina*, 494 U.S. 433 (1990). The district court found that this claim had no merit. "Where a district court has rejected the [petitioner's] constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

Lyons has not shown that there is a "reasonable likelihood that the jury . . . applied the . . . instruction in a way that prevent[ed] the consideration of constitutionally relevant evidence." *Boyde v. California*, 494 U.S. 370, 380 (1990).[6] Accordingly, reasonable jurists could not

---

Moreover, Lyons does not rebut the finding of the state habeas court that denied his Motion for Appropriate Relief (the state MAR court) that "the State had strong evidence of [Lyons's] guilt of armed robbery pursuant to N.C.G.S. § 14-87." (J.A. at 455.)

[6]The Supreme Court held in *McKoy* that the North Carolina jury instruction requiring a jury unanimously to find the existence of mitigating circumstances violated the Eighth Amendment. *McKoy*, 494 U.S. at 439. In this case, the trial court did not instruct the jury that it unanimously must find the existence of mitigating circumstances. The jury was instructed to resolve four issues in reaching its decision at the sen-

find the district court's assessment of the constitutional claims debatable.

Lyons also argues that the trial court's response to the jury's question was unconstitutionally coercive.[7] This claim has no merit.[8]

tencing phase of the trial: (1) whether the jury unanimously found, beyond a reasonable doubt, the existence of the aggravating circumstance; (2) whether one or more members of the jury found one or more mitigating circumstances; (3) whether the jury unanimously found, beyond a reasonable doubt, that the mitigating circumstances found by one or more jurors are insufficient to outweigh the aggravating circumstance found unanimously by the jury; and (4) whether the jury unanimously found, beyond a reasonable doubt, that the aggravating circumstance, if found, is sufficiently substantial to call for the imposition of the death sentence when considered with the mitigating circumstances found by one or more jurors. We have upheld this portion of the instructions delivered by North Carolina courts as not violative of *McKoy* on several occasions. *See Williams v. French*, 146 F.3d 203, 215-16 (4th Cir. 1998); *Noland v. French*, 134 F.3d 208, 213-14 (4th Cir. 1998); *Smith v. Dixon*, 14 F.3d 956, 981 n.15 (4th Cir. 1994) (en banc); *Lawson v. Dixon*, 3 F.3d 743, 754 (4th Cir. 1993); *Maynard v. Dixon*, 943 F.2d 407, 418-20 (4th Cir. 1991).

[7]After three hours of deliberation, the jury asked "whether or not [its] decision [had] to be unanimous on issue number four." (J.A. at 129.) The court responded "your decision on issue number four does have to be unanimous. If you're unanimous — if all twelve of you find yes, then you would answer it yes. If all twelve of you find no, then you would answer it no." (J.A. at 129.)

Issue Four on the verdict sheet asked, "Do you unanimously find beyond a reasonable doubt that the aggravating circumstance found unanimously by you in Issue One is sufficiently substantial to call for the imposition of the death penalty when considered with the mitigating circumstance or circumstances found by one or more of you?" (J.A. at 139.)

[8]The response given by the judge was consistent with the earlier instructions, which we have found did not violate *McKoy. See also Green v. French*, 143 F.3d 865, 889 (4th Cir. 1998) (rejecting similar claim that requiring unanimity as to the sentence recommendation violated *McKoy*), *abrogated on other grounds by Williams v. Taylor*, 529 U.S. 362 (2000).

Because we cannot conclude "that reasonable jurists would find the district court's assessment of the constitutional claim[ ] debatable or wrong," *Slack*, 529 U.S. at 484, we deny Lyons's application for a COA on this claim.

### D.    *Challenge to North Carolina's Short-Form Indictment*

Lyons moved for leave to amend his habeas petition to include a claim that the "short-form" indictment rendered his conviction for first-degree murder invalid because the indictment did not allege each element of the crime of first-degree murder, in violation of *Jones v. United States*, 526 U.S. 227 (1999), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court denied Lyons's motion to amend because "*Apprendi* cannot have retroactive application to this case." (J.A. at 548.) The district court recognized that we have held that *Apprendi* and *Jones* state a new rule of constitutional law that cannot be applied retroactively to cases on collateral review. *See United States v. Sanders*, 247 F.3d 139, 151 (4th Cir.), *cert. denied*, ___ U.S. ___, 122 S. Ct. 573 (2001); *see also Hartman v. Lee*, 283 F.3d 190, 192 n.2 (4th Cir. 2002). As Lyons has not shown that reasonable jurists would debate whether the district court's procedural ruling was correct, *Slack*, 529 U.S. at 484, we deny the application for a COA on this claim.

### III.

For the reasons stated herein, we deny Lyons's application for a COA and dismiss the appeal.

*DISMISSED*

GREGORY, Circuit Judge, concurring:

I concur with the majority's finding that Lyons has failed to make a substantial showing of a denial of a constitutional right on any of

---

Moreover, the lack of an instruction regarding the consequences of a deadlock was not unconstitutionally coercive. The United States Supreme Court recently held that a trial court need not instruct the jury as to the consequences should it fail to reach a unanimous decision. *Jones v. United States*, 527 U.S. 373, 381-82 (1999).

his claims. I write separately, however, because I read *Lackawanna Co. Dist. Att'y v. Coss*, 532 U.S. 394 (2001), more broadly than does the majority.

In *Coss*, the Supreme Court stated, "When an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate." *Id.* at 403-04. The majority finds that because "Lyons was represented by counsel in the common law robbery proceeding," *Coss* does not afford him any relief. *Ante*, at 7.

I, however, do not read the *Coss* rule quite so narrowly. As Justice O'Connor explained, "[A] habeas petition directed at the enhanced sentence may *effectively* be the first and only forum available for review of the prior conviction." *Coss*, 532 U.S. at 406 (O'Connor, J., concurring) (emphasis added). *Coss* applies, therefore, not only to situations where there is an absolute failure to appoint any counsel, but also to situations where there is a Sixth Amendment violation so substantial that it is as if a defendant never had the benefit of legal representation. It is undisputed that Lyons had a court-appointed attorney in the prior conviction: Mr. George R. "Pete" Clary. The question in this case is whether Clary's advice — that Lyons enter an *Alford* guilty plea in exchange for a sentence of probation — was so incompetent, conflicted, or corrupt as to effectively deny Lyons his Sixth Amendment right to counsel. Because Lyons is unable to make a substantial showing that this litigation strategy denied him his constitutional right to counsel, Lyons' request for a COA is denied under either the majority's or my application of *Coss*. Accordingly, I concur.