Frank Robert SCHLAEPFER, Jr., Petitioner,

v.

Sid HARKLEROAD, Administrator, Marion Correctional Institution; Theodis Beck, Secretary, North Carolina Department of Corrections; and the Attorney General of North Carolina, Respondents.

No. CIV. 1:02CV66.

United States District Court, W.D. North Carolina, Asheville Division.

Jan. 31, 2003.

Frank Robert Schlaepfer, Jr., Marion, NC, Susan Hubbard Pollitt, N.C. Prisoner Legal Services, Raleigh, NC, for Petitioner.

Clarence J. DelForge, III, Fed. Habeas Section Institution, NC Dept of Justice, Raleigh, NC, for Respondent.

## *MEMORANDUM OF OPINION*

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the Petitioner's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Respondent has filed both a motion for summary judgment and a response to the petition. Portions of the record have also been submitted for review. The undersigned concludes the record is adequate and finds an evidentiary hearing is unnecessary. **Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts.** For the reasons stated herein, the petition is denied.

## I. PROCEDURAL BACKGROUND

On July 21, 1997, the Petitioner was indicted for the first and second degree murder of Shaun Jacobs on May 25, 1997, in violation of N.C. Gen.Stat. § 14–17.[1]

Exhibit 1, Murder Indictment in Case No. 97CRS1421, *attached to* Petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus ["Petitioner's Memorandum"], filed March 14, 2002. On that same date, he was also indicted for conspiracy to commit the felony murder of Shaun Jacobs, in violation of N.C. Gen. Stat. § 14–2.4.[2] Exhibit 2, Conspiracy to Commit Murder Indictment in Case No. 97CRS2008, *attached to* Petitioner's Memorandum. On September 3, 1998, the Petitioner was found guilty after jury trial of first degree murder and on September 4, 1998, he was found guilty of conspiracy to commit murder. State Court Record, filed March 28, 2002, at 233–34. North Carolina Superior Court Judge Zoro J. Guice, Jr., sentenced the Petitioner to life imprisonment without parole followed by a consecutive sentence for the conspiracy conviction of 189–236 months imprisonment. *Id.,* at 235–37.

On appeal, the North Carolina Court of Appeals reversed Petitioner's conviction for conspiracy to commit murder but affirmed the trial court in all other respects; his request for discretionary review was denied by the North Carolina Supreme Court. *State v. Schlaepfer,* 140 N.C.App. 150, 538 S.E.2d 651, *rev. denied,* 353 N.C. 276, 546 S.E.2d 390 (2000). In February 2002, Petitioner applied to the North Carolina Supreme Court for a writ of *habeas corpus* which request was also denied. *State v. Schlaepfer,* —— N.C. ——, 561 S.E.2d 892 (2002). This petition was filed two days after the state court denied relief.

---

**1.** The indictment reads, "the defendant named above unlawfully, willfully and feloniously and of malice aforethought did kill and murder Shaun Lee Jacobs." Exhibit 1, *supra.* The indictment contains a notation that it "is sufficient to charge both First and

Second Degree Murder. G.S. 15–144; G.S. 15–155." *Id.*

**2.** The indictment alleges that he conspired "with Anna Merrill and Timothy Merrill to commit the felony of Murder, G.S. 14–17 against Shaun Lee Jacobs." Exhibit 2, *supra.*

## II.  TIMELINESS OF THE PETITION

The Court first addresses the issue of whether this petition for federal *habeas corpus* relief was timely filed.  Title 28, United States Code, § 2244(d)(1)(A) provides in pertinent part:

> "A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;  . . . ."

On December 20, 2000, the North Carolina Supreme Court dismissed the Petitioner's appeal and denied his petition for discretionary review.  Thus, the Petitioner's conviction became final on March 20, 2001.  *Hill v. Braxton*, 277 F.3d 701, 703 (4th Cir.2002) (A case is final when a judgment of conviction has been rendered, the appeal exhausted and the 90 day period within which to file a petition for *certiorari* with the United States Supreme Court has elapsed.);  *accord, State v. Wilson*, —— N.C.App. ——, 571 S.E.2d 631 (2002).  This petition, filed on March 14, 2002, is, therefore, timely.

## III.  FACTUAL BACKGROUND

Because the only issue raised in the petition is a procedural one, a brief recitation of the facts is sufficient.  In May 1997, the Petitioner lived with Anna and Tim Merrill, his sister and brother-in-law, in their mobile home along with Anna's two children from her earlier marriage to Shaun Jacobs.  The Petitioner did not like Jacobs who disapproved of Petitioner's lifestyle and threatened to take custody of the children from Anna. In early May 1997, Petitioner suggested that the three of them lure Jacobs to the mobile home where the Petitioner "would take care of him."

During the Memorial Day weekend of 1997, Anna and Tim went camping with the children.  The Petitioner made two telephone calls to Jacobs' home, leaving a voice message during one of those calls.  On Sunday morning, Jacobs arrived at the mobile home and he and the Petitioner became embroiled in an argument.  At some point, the Petitioner, who had been using drugs the night before, shot Jacobs who died instantly.  Petitioner, Anna and Tim all participated in hiding the victim's body, but Anna ultimately led the police to the body's location.

## IV.  STANDARD OF REVIEW

Section 2254  of Title 28, United States Code, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Fourth Circuit has recently interpreted this language.

> [S]ubsection (1) ... prohibit[s] the issuance of the writ unless (a) the state court decision is in "square conflict" with Supreme Court precedent which is controlling as to law and fact or (b) if no

such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant supreme court precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable."

*Fitzgerald v. Greene,* 150 F.3d 357, 362 (4th Cir.1998) (quoting *Green v. French,* 143 F.3d 865, 870 (4th Cir.1998)). "According to the Supreme Court, a state court decision unreasonably applies clearly established federal law if, despite correctly identifying the governing legal principle, it 'unreasonably applies that principle to the facts of the prisoner's case.'" *Burch v. Corcoran,* 273 F.3d 577, 583 (4th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 2311, 152 L.Ed.2d 1065 (2002) (quoting *Williams v. Taylor,* 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).

## V. DISCUSSION

Petitioner's only issue relates to the use by the North Carolina prosecutor of the "short-form indictment" to charge him with first and second degree murder. Petitioner claims that the indictment did not allege each element of the offenses charged. It is first noted that the Court does not agree with this characterization.

Under North Carolina law, "'murder in the first degree is the *unlawful* killing of a human being with *malice* and with *premeditation* and *deliberation.'"* *State v. Holliman,* —— N.C.App. ——, 573 S.E.2d 682, 686 (2002) (quoting *State v. Russell Council Judge,* 308 N.C. 658, 661, 303 S.E.2d 817, 820 (1983)) (emphasis added).

"All other kinds of murder ... shall be deemed murder in the second degree ...." N.C. Gen.Stat. § 14–17. Petitioner's indictment alleged that he *unlawfully* and *willfully* killed Shaun Jacobs with *malice aforethought* and feloniously. Premeditation means the act was thought out beforehand for some length of time, however short. *Id.* The word "aforethought," as used in the indictment, clearly sets forth the element of premeditation. *State v. Benton,* 276 N.C. 641, 656, 174 S.E.2d 793, 803 (1970) (Premeditation embraces all that is meant by "aforethought" and more.); *but see, State v. Lowe,* 295 N.C. 596, 247 S.E.2d 878 (1978). Likewise, the word "willfully" sets forth the element of deliberation.

Petitioner argues that the use of the short-form indictment is unconstitutional under the holdings of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). Petitioner's judgment of conviction became final on March 20, 2001. *Burch,* 273 F.3d at 584 (Petitioner's direct appeal was denied by the state court and he then petitioned the United States Supreme Court which denied a writ of *certiorari.* At that point, the Petitioner's conviction became final, despite his subsequent pursuit of state post-conviction remedies.). Petitioner did not raise *Apprendi* or *Jones* issues, or any claim concerning the short-form indictment, during his direct appeal process. Defendant–Appellant's Brief to the North Carolina Court of Appeals, filed September 10, 1999; Notice of Appeal and Petition for Discretionary Review under G.S. 7A–31 to the North Carolina Supreme Court, filed electronically October 10, 2000. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause'

and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). The Fourth Circuit has specifically held that the *Apprendi* decision does not constitute cause for procedural default. *United States v. Sanders,* 247 F.3d 139, 144–45 (4th Cir.), *cert. denied,* 534 U.S. 1032, 122 S.Ct. 573, 151 L.Ed.2d 445 (2001).

■ Moreover, as recently as this month, the Fourth Circuit has also held *Apprendi* and *Jones* are not retroactively applicable to cases brought on collateral, as opposed to direct, review. *Lyons v. Lee,* 316 F.3d 528, 535 (4th Cir.2003). Petitioner's "argument is foreclosed by the recent holding of the Fourth Circuit that *Apprendi* and *Jones* state a new rule of constitutional law that cannot be applied retroactively to cases on collateral review[.]" *Hartman v. Lee,* 283 F.3d 190, 192 n. 2 (4th Cir.2002), *cert. denied,* —— U.S.——, 123 S.Ct. 851, —— L.Ed.2d —— (2003) (citing *Sanders,* 247 F.3d at 151); *accord, Burch, supra* ("[B]ecause *Apprendi* does not apply retroactively to cases pending on collateral review, Burch cannot obtain any federal habeas corpus relief under *Apprendi.*").

■ In addition, the Fourth Circuit has also found that North Carolina's short-form murder indictment does not contravene Supreme Court precedent. "[U]nder North Carolina law, first and second degree murder are not distinct crimes, but rather are simply variations of the common law crime of murder." *Hartman,* 283 F.3d at 194. "Accordingly, ... a short-form indictment that alleges the elements of common law murder is sufficient to satisfy the demands of the Sixth and Fourteenth Amendments." *Id.,* at 199; *accord, Daniels v. Lee,* 316 F.3d 477, 492–93 (4th Cir.2003).

Finally, Petitioner argued in his response to the motion for summary judgment that *United States v. Cotton,* 261 F.3d 397 (4th Cir.2001), stands for the proposition that where an indictment does not set forth an element of the crime, the court has no jurisdiction to try the defendant for that crime. During the pendency of this matter, the Supreme Court reversed that holding by the Fourth Circuit, noting that a bill of indictment is not defective for failing to allege the drug quantity involved in a drug trafficking crime, thus, the district court had jurisdiction. *United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). The Court also held that the omission from the bill of indictment of a fact which enhanced the sentence of a defendant does not justify *vacatur* of the enhanced sentence because, although the error was plain and affected a substantial interest of the defendant, it did not seriously affect the fairness, integrity or public reputation of judicial proceedings. *Id.* Based on this holding, the Petitioner cannot show that he is entitled to *habeas* relief. Although the Respondent moved to supplement the pleadings with the Supreme Court's decision in *Cotton,* the undersigned was already aware of the decision and thus, the motion is moot.

## VI. ORDER

**IT IS, THEREFORE, ORDERED** that the Respondent's motion for summary judgment is hereby **GRANTED**; and the Petitioner's petition for a writ of *habeas corpus* is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Respondent's motion to supplement the pleadings is hereby **DENIED** as moot.

A Judgment dismissing the petition is filed herewith.

*JUDGMENT*

For the reasons set forth in the Memorandum of Opinion filed herewith,

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the Petitioner's petition pursuant to 28 U.S.C. § 2254 is **DENIED**, and is hereby **DISMISSED WITH PREJUDICE** in its entirety.