**STATE v. ROBERTS**

[351 N.C. 325 (2000)]

STATE OF NORTH CAROLINA v. SCOTT LYN ROBERTS

No. 331PA99

(Filed 4 February 2000)

**1. Sentencing— structured sentencing—improper sentence—resentencing to longer term**

The trial court had the authority to set aside defendant's original sentence and to resentence defendant to a longer term within the correct sentencing range of the Structured Sentencing Act where the original sentence did not fall within the sentencing range for the offense and thus violated the Act.

**2. Appeal and Error— sentencing—Court of Appeals order—Supreme Court review—motion for appropriate relief not reviewed**

The Supreme Court could properly review a Court of Appeals order without violating N.C.G.S. § 15A-1422(f) where the order simply reversed a judgment and commitment entered by a superior court judge and did not constitute a decision by the Court of Appeals on defendant's motion for appropriate relief because it did not review the decision by the superior court judge to grant defendant's motion for appropriate relief.

**3. Appeal and Error— order granting appropriate relief—Supreme Court review by writ of certiorari**

The Supreme Court was not prohibited by Rule of Appellate Procedure 21(e) from reviewing by writ of certiorari a superior court order granting defendant's motion for appropriate relief and setting aside an amended sentence since Rule 21(e) pertains only to petitions for writ of certiorari to review motions for appropriate relief that have been denied.

On writ of certiorari, granted by the Supreme Court pursuant to N.C.G.S. § 7A-32(b), of an order of the Court of Appeals vacating the judgment and commitment entered 22 April 1999 by Cornelius, J., in Superior Court, Randolph County, and reinstating the judgment and commitment entered 22 July 1998 by Martin (Lester P., Jr.), J. in Superior Court, Randolph County. Heard in the Supreme Court 16 November 1999.

*Michael F. Easley, Attorney General, by Robert C. Montgomery, Assistant Attorney General, for the State-appellant.*

*The Exum Law Office, by Mary March Exum, for defendant-appellee.*

WAINWRIGHT, Justice.

On 22 July 1998, Superior Court Judge Lester P. Martin, Jr., sentenced defendant to a minimum of eight months' and a maximum of ten months' imprisonment for a class E, level II felony. In a letter dated 18 February 1999, the North Carolina Department of Correction notified the Clerk of Superior Court for Randolph County that the sentence imposed on 22 July 1998 did not fall within the sentencing range for a class E offense as provided for in the Structured Sentencing Act of 1994. *See* N.C.G.S. § 15A-1340.17 (1999). On 4 March 1999, Judge Martin, outside the presence of defendant and his attorney, entered an amended judgment sentencing defendant to a term of imprisonment within the correct sentencing range for a class E, level II felony: a minimum of twenty-nine months and a maximum of forty-four months. *See id.*

On 13 April 1999, defendant filed a motion for appropriate relief claiming that when the term of imprisonment was changed, he was not given notice or an opportunity to be heard. Defendant requested a hearing and prayed that the amended judgment incarcerating defendant for more than his original sentence be stricken and for any other relief deemed appropriate.

A hearing on defendant's motion was held on 22 April 1999, before Judge C. Preston Cornelius in Randolph County Superior Court. Both defendant and his attorney were present. Judge Cornelius ruled the amended judgment had not been properly entered because neither defendant nor his attorney had been present. Accordingly, he granted the requested relief contained in defendant's motion for appropriate relief and set aside the amended judgment. As the original sentence imposed was invalid, Judge Cornelius then resentenced defendant to a minimum of twenty-nine months' and a maximum of forty-four months' imprisonment, which is within the correct sentencing range.

On 9 June 1999, defendant filed a writ of mandamus with the Court of Appeals, which the Court of Appeals treated as a writ of certiorari. The Court of Appeals allowed the petition for writ of certio-

rari for the limited purpose of vacating the judgment and commitment entered by Judge Cornelius on 22 April 1999 and reinstating the judgment and commitment entered by Judge Martin on 22 July 1998. The State petitioned this Court for writ of certiorari to review the order of the Court of Appeals, which was allowed on 19 August 1999.

[1] Defendant contends the resentencing by Judge Cornelius was improper. We disagree. Trial courts are required to enter criminal judgments consistent with the provisions of the Structured Sentencing Act. *See* N.C.G.S. § 15A-1331 (1999). The General Statutes clearly provide that a sentence of unauthorized duration can be modified. *See* N.C.G.S. § 15A-1445(a)(3)(c) (1999) (providing that the State may appeal when it alleges the sentence imposed "[c]ontains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 . . . for the defendant's class of offense and prior record or conviction level"). "If resentencing is required, the trial division may enter an appropriate sentence." N.C.G.S. § 15A-1417(c); *see also State v. Morgan,* 108 N.C. App. 673, 425 S.E.2d 1 (1993) (holding that the trial court had the authority to set aside a sentence and to resentence a defendant if such resentencing is required), *disc. rev. improvidently allowed,* 335 N.C. 551, 439 S.E.2d 127 (1994). Moreover, pursuant to N.C.G.S. § 15A-1417(a)(4), when a court grants a motion for appropriate relief, the court can grant "[a]ny other appropriate relief" in addition to the relief specifically enumerated in the statute. N.C.G.S. § 15A-1417(a)(4) (1999). The original sentence, which was imposed by Judge Martin and reinstated by the Court of Appeals, violated the Structured Sentencing Act. Therefore, the resentencing by Judge Cornelius was proper in the instant case.

[2] Defendant also contends this Court should dismiss the State's petition for writ of certiorari pursuant to N.C.G.S. § 15A-1422(f), which provides:

> Decisions of the Court of Appeals on motions for appropriate relief that embrace matter set forth in G.S. 15A-1415(b) are final and not subject to further review by appeal, certification, writ, motion, or otherwise.

N.C.G.S. § 15A-1422(f) (1999). We disagree. On 25 June 1999, the Court of Appeals entered the following order:

> The petition filed in this cause by defendant on 9 June 1999 and designated "Petition for Writ of Mandamus to the Superior

Court of Randolph County" is treated as a petition for a writ of certiorari and *is allowed for the purpose of entering the following order.* The judgment and commitment entered in this cause on 22 April 1999 by Judge C. Preston Cornelius is hereby ordered VACATED and the judgment and commitment entered in this cause on 22 July 1998 by Judge Lester P. Martin, Jr. is hereby ordered REINSTATED.

(Emphasis added.)

The Court of Appeals' order simply reversed the judgment and commitment entered by Judge Cornelius. The order did not constitute a decision by the Court of Appeals on defendant's motion for appropriate relief because it did not review the decision by Judge Cornelius to grant the motion for appropriate relief to defendant.

[3] Defendant further contends that this Court does not have jurisdiction pursuant to Rule 21(e) of the North Carolina Rules of Appellate Procedure, which provides:

Petitions for writ of certiorari to review orders of the trial court denying motions for appropriate relief upon grounds listed in G.S. 15A-1415(b) by persons who have been convicted of murder in the first degree and sentenced to life imprisonment or death shall be filed in the Supreme Court. In all other cases such petitions shall be filed in and determined by the Court of Appeals and the Supreme Court will not entertain petitions for certiorari or petitions for further discretionary review in these cases.

N.C. R. App. P. 21(e).

We disagree. The above rule contemplates review of petitions for writ of certiorari to review motions for appropriate relief that have been denied. As previously stated, defendant's motion for appropriate relief was allowed. In defendant's motion for appropriate relief, he prayed the Court as follows: (1) that a hearing be held at a term of Superior Court, Randolph County, North Carolina, on his motion for appropriate relief; (2) that the amendment of the judgment incarcerating defendant for more than his original sentence be stricken; and (3) for such other and further relief as to which the court may deem the defendant entitled. Each of these requests for appropriate relief was granted by Judge Cornelius.

For these reasons, the Court of Appeals erred in vacating the sentence imposed by Judge Cornelius and in reinstating the original

sentence imposed by Judge Martin. Therefore, we reverse the order of the Court of Appeals and remand to the Court of Appeals for further remand to the Randolph County Superior Court for reinstatement of the sentence imposed upon defendant by Judge Cornelius on 22 April 1999.

REVERSED AND REMANDED.