STATE OF NORTH CAROLINA
v.
BOBBY CURTIS LEE

No. COA13-95

Filed 16 July 2013

**Sentencing—Structured Sentencing Act—improper retroactive application of 2009 amendments**

The trial court erred in a felony breaking or entering case by retroactively applying the 2009 amendments to the Structured Sentencing Act and resentencing defendant to a term of 76 to 101 months' imprisonment for offenses committed on 5 February 2005 and 6 June 2005. The trial court's amended judgment was vacated and remanded so that it could enter judgments in accordance with the sentencing provisions in effect at the time of the offenses.

Appeal by the State from order and amended judgment entered 24 September 2012 by Judge Kevin M. Bridges in Stanly County Superior Court. Heard in the Court of Appeals 22 May 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Amy Kunstling Irene, for the State appellant.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Benjamin Dowling-Sendor, for the defendant appellee.*

McCULLOUGH, Judge.

The State appeals from the trial court's order granting defendant's motion for appropriate relief ("MAR") and the trial court's entry of an amended judgment. For the following reasons, we vacate the amended judgment.

## I. Background

On 6 June 2005, defendant was indicted by a Stanly County Grand Jury for felony breaking or entering, felony larceny, felony possession of stolen goods, and for having attained the status of an habitual felon. Thereafter, on 27 April 2006, defendant pled guilty to felony breaking or entering and to attaining the status of an habitual felon as part of a plea agreement whereby all other charges pending against defendant in Stanly County were dismissed. The plea agreement further provided that defendant would "receive an active sentence at the bottom of the mitigated range as a Class C felon, record level 5."

The Honorable Kimberly S. Taylor entered judgment and sentenced defendant on 27 April 2006. The judgment reported 5 February 2005 as the offense date for felony breaking or entering and 6 June 2005 as the offense date for attaining the status of an habitual felon. In accordance with the terms of the plea agreement, defendant was sentenced to a term of 90 to 117 months' imprisonment, a term at the bottom of the mitigated range for a prior record level V felon committing a Class C offense under the 2005 version of the structured sentencing grid (the "2005 grid"), effective for offenses committed on or after 1 December 1995, but before 1 December 2009. See N.C. Gen. Stat. § 15A-1340.17(c) (2005).[1]

On 4 April 2012, defendant filed a *pro se* MAR seeking to be resentenced. In the MAR, defendant argued in favor of retroactive application

---

1. The trial judge determined defendant to have 16 prior record points and to be a prior record level V for sentencing. Defendant then stipulated to the accuracy of the trial judge's determinations. The judgment entered on 27 April 2006, however, indicates that the trial court determined defendant had 5 prior record points and was a prior record level III for sentencing. The entries on the judgment are merely clerical errors.

of changes to structured sentencing under the 2009 amendments to the Structured Sentencing Act ("SSA") and the Justice Reinvestment Act of 2011 ("JRA"). By order filed 1 August 2012, the Honorable Kevin M. Bridges appointed defendant counsel, ordered the State to file an answer, and scheduled the MAR for an evidentiary hearing during the Criminal Session of Stanly County Superior Court beginning 17 September 2012.

The State filed a response to defendant's MAR on 30 August 2012 and Judge Bridges presided over the scheduled evidentiary hearing on 20 September 2012.

On 24 September 2012, an order was filed allowing defendant's MAR in part. The judge concluded that the 2009 version of the structured sentencing grid under the SSA (the "2009 grid") should be retroactively applied to defendant's case. Conversely, the judge also concluded that the changes to the habitual felon laws under the JRA did not retroactively apply to defendant's case. On the same date, an amended judgment was filed modifying defendant's sentence to a term of 76 to 101 months' imprisonment, a term at the bottom of the mitigated range for a prior record level V felon committing a Class C offense under the 2009 grid, effective for offenses committed on or after 1 December 2009, but before 1 December 2011. *See* N.C. Gen. Stat. § 15A-1340.17(c) (2009).[2]

On 4 October 2012, the State gave notice of appeal from the order granting defendant's MAR and from the amended judgment modifying defendant's sentence. By orders issued 16 October 2012 and 19 October 2012, respectively, this Court granted the State's motion for a temporary stay and allowed the State's petition for writ of supersedeas. As a result, the amended judgment was stayed pending this appeal. Additionally, the State submitted a petition for writ of certiorari ("PWC") to this Court on 18 October 2012. Following a response by defendant, this Court denied the State's PWC by order filed 2 November 2012.

## II. Analysis

On appeal, the State contends that the trial court erred by retroactively applying the 2009 amendments to the SSA Act and resentencing defendant to a term of 76 to 101 months' imprisonment for offenses committed on 5 February 2005 and 6 June 2005. We agree.

As noted above, pursuant to the terms of the plea agreement, defendant was originally sentenced to a term of 90 to 117 months'

---

2. The amended judgment includes the same clerical errors as the original judgment, described in detail in footnote 1.

imprisonment, the lowest term of imprisonment authorized under the 2005 grid for a Class C offense committed by felon with a prior record level V. *See* N.C. Gen. Stat. § 15A-1340.17(c) (2005). In 2009, the N.C. General Assembly amended the structured sentencing grid, lowering the minimum term of imprisonment for a prior record level V felon committing a Class C offense. Under the 2009 grid, the minimum term of imprisonment was reduced to 76 to 101 months. *See* N.C. Gen. Stat. § 15A-1340.17(c) (2009). However, while amending the structured sentencing grid, the General Assembly noted that "[t]his act becomes effective December 1, 2009, and applies to offenses committed on or after that date." N.C. Sess. Laws 2009-556, sec. 2. Thus, it is clear that the General Assembly did not intend for the 2009 grid to apply retroactively to offenses committed prior to 1 December 2009.

In addition, we find our Supreme Court's opinion in *State v. Whitehead*, 365 N.C. 444, 722 S.E.2d 492 (2012), instructive in this case. In *Whitehead*, the defendant pled guilty to second-degree murder with an offense date of 25 August 1993. *Id.* at 444, 722 S.E.2d at 493. Pursuant to the Fair Sentencing Act ("FSA"), which governed sentencing for felonies committed between 1 July 1981 and 1 October 1994, the trial court imposed a life sentence, the maximum aggravated term authorized for second-degree murder under the FSA. *Id.* at 444-45, 722 S.E.2d at 493. Years later, on 2 December 2010, the defendant filed an MAR seeking to be resentenced under the SSA, which "supersede[d] the FSA for offenses committed on or after the SSA's effective date, 1 October 1994." *Id.* at 445, 722 S.E.2d at 494. The trial court granted defendant's MAR and retroactively applied the SSA, modifying the defendant's life sentence to a term of 157 to 198 months' imprisonment. *Id.*

Upon review pursuant to the State's petition for writ of certiorari, our Supreme Court determined that the trial court erred by retroactively applying the SSA to resentence the defendant to a lesser term. *Id.* at 447, 722 S.E.2d at 495. The Court noted that "[t]he General Assembly clearly and unambiguously provided the [SSA] may not be applied retroactively: 'This act becomes effective October 1, 1994, and applies only to offenses occurring on or after that date.' " *Id.* (quoting ch. 24, sec. 14, 1993 N.C. Sess. Laws (Extra Sess. 1994) at 96). Furthermore, "[t]rial courts are required to enter criminal judgments in compliance with the sentencing provisions in effect at the time of the offense." *Id.* (citing *State v. Roberts*, 351 N.C. 325, 327, 523 S.E.2d 417, 418 (2000).

Although the present case deals solely with the SSA, the reasoning in *Whitehead* applies with equal force. The General Assembly clearly and unambiguously provided that the 2009 grid "becomes effective

December 1, 2009, and applies to offenses committed on or after that date." N.C. Sess. Laws 2009-556, sec. 2. Accordingly, where the trial court must enter judgments in accordance with the sentencing provisions in effect at the time of the offenses, the trial court erred in retroactively applying the 2009 grid to resentence defendant for offenses dated 5 February 2005 and 6 June 2005.

On appeal, defendant acknowledges the language in the N.C. Session Laws and the holding in *Whitehead*. Moreover, defendant agrees that the State has a right to appeal the amended judgment. *See* N.C. Gen. Stat. § 15A-1445(a)(3) (2011). Nevertheless, instead of arguing in favor of retroactive application of the 2009 grid, defendant argues that the trial court's order granting his MAR is not subject to appellate review. As a result, defendant contends the trial court's conclusion that the 2009 grid "should have retroactive application to [] [d]efendant's case[,]" is binding and not subject to challenge on appeal. Thus, defendant asserts that our review of the amended judgment must start with the premise that the 2009 grid applies retroactively. We disagree.

In this opinion we only address the amended judgment and hold the amended judgment is properly before this Court for review pursuant to N.C. Gen. Stat. § 15A-1445(a)(3) (providing the State a right of appeal where the sentence imposed "[c]ontains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level[.]") Here, the amended judgment reflects the offense dates of 5 February 2005 and 6 June 2005, at which time 90 to 117 months' imprisonment was the lowest term authorized under the 2005 grid in the mitigated range for a Class C offense committed by a felon with a prior record level V. Where, as discussed above, the 2009 grid does not apply retroactively and where it is clear from the face of the amended judgment that the term of imprisonment imposed on resentencing is unauthorized by law, we vacate the amended judgment.

### III.  Conclusion

For the reasons discussed above, we vacate the amended judgment resentencing defendant under the 2009 grid.

Vacate amended judgment.

Judges CALABRIA and STEELMAN concur.